GUST *v.* TOWNSHIP OF CANTON.

1. Townships—Legislature.
    A township cannot suppress that which the legislature permits, without express authority therefor.

2. Same—Building Permit—Service Building for Trailer Park—Mandamus—Statutes.
    Denial of plaintiff's petition for mandamus to compel township building and zoning board of appeals to issue a building permit to him for the erection of a service building for a trailer park without prejudice to any proper proceedings to be initiated thereafter *held*, proper, in view of presently existing State statute regulating trailer coach parks (CL 1948, §§ 125.751–125.768).

3. Costs—Construction of Statutes and Ordinances.
    No costs are allowed in proceeding to compel issuance of building permit for construction of service building for trailer park, where public question involving the construction of statutes and ordinances is presented (CL 1948, §§ 125.751–125.768).

Appeal from Wayne; FitzGerald (Frank), J. Submitted April 22, 1953. (Calendar No. 45,733.) Decided June 8, 1953.

References for Points in Headnotes
[1, 2]  52 Am Jur, Towns and Townships § 22.
[2]  58 Am Jur, Zoning §§ 6, 14, 235.
[3]  14 Am Jur, Costs § 91.

Mandamus by William A. Gust against Township of Canton and others to compel issuance of a building permit. Writ denied. Plaintiff reviews by appeal in nature of mandamus. Affirmed.

*Lionel R. Hampton,* for plaintiff.

*Earl J. Demel,* for defendants.

BUSHNELL, J. Plaintiff William A. Gust is the owner of a parcel of land located in the southeast part of Canton township, Wayne county, Michigan. The westerly line of this township is along the boundary between Wayne and Washtenaw counties. Canton township had a population of 2,111, according to the 1940 United States census, and is not immediately adjacent to any city of more than 40,000 population. The greater portion of the township is vacant agricultural land with some industrial development in the easterly part.

Plaintiff's 33.26-acre parcel fronts on the easterly side of Haggerty road and on the southerly side of Michigan avenue. As a result of the adoption of zoning districts by the township board on December 15, 1950, the easterly portion of plaintiff's property is in a general industrial district, the northerly frontage in a residential 2-family district, and the westerly frontage in a country-home district. The latter district extends 400 feet on either side of Haggerty road from a point 300 feet south of Michigan avenue and extends southerly to Van Born road. On either side of this 800-foot country-home strip, general industrial use is permitted.

About 6 weeks prior to the creation of these zoning districts, Gust sought a peremptory writ of mandamus from the circuit court, directing the township building and zoning board of appeals, defendants herein, to forthwith issue a building permit

for the erection of a structure which he proposed to use as a service building in connection with a trailer park on his property. The pleadings indicate some question about the sufficiency of Gust's original application for a building permit.

The zoning board of appeals and building board of appeals gave as the reasons for denial of the building permit:

"(a) That it was against public sentiment and that they lack school, police, water, and sewage facilities.

"(b) That an interim zoning ordinance existed which prohibited trailer parks except by special permission of the zoning board of appeals.

"(c) That the building code, section 5 excluded trailer parks from the township."

The interim zoning ordinance just referred to was enacted by the township board and given immediate effect on March 25, 1942. Such an ordinance was authorized by PA 1937, No 302, which was repealed by PA 1943, No 184. See footnote in CL 1948, § 125.298 and Stat Ann 1949 Rev §§ 5.2962 (1)– 5.2962 (12). Article 5, § 1 of the interim zoning ordinance reads:

"The use of trailers, tents, or portable structures or dwellings for human habitation, or the establishment of trailer parks, within either the residence district or the industrial districts, is hereby prohibited; provided, that if suitable provisions are made for plumbing, water, light, and toilet facilities, the board of appeals in its discretion may issue variance permits, if in its judgment it will not be detrimental to the health, safety, and morals of the inhabitants of the township."

This zoning ordinance was still in effect on November 26, 1949, when Gust made his written application for a building permit. The township's com-

pliance with the requirement of the statute in the enactment of this ordinance is questioned.

Plaintiff's petition for a peremptory writ of mandamus was filed on October 30, 1950. Approximately 6 weeks later, defendant township adopted the present zoning ordinance and gave it immediate effect. Section 3.12 of the 1950 ordinance reads:

"No new business enterprises having to do with the operation of automobile trailer camps or tourist cabins shall be established subsequent to the effective date of this ordinance, and automobile trailers, trailer coaches, similar portable dwellings, tourist cabins, or tents shall not be permitted to be used or occupied as dwellings, except when located in and as a part of such trailer camps or tourist cabin business enterprises as shall have been established and in operation at the time of the effective date of this ordinance."

Gust claims that this portion of the zoning ordinance is arbitrary and unreasonable and purports to outlaw and eliminate lawful businesses rather than regulate them, thus taking private property without due process of law.

The township clerk testified that he had held his office since 1932 and that he was instrumental in drafting the interim ordinance under pressure from people who wanted to eliminate trailers. He stated that 75% of the township is not platted, and there are many acres that have not been used for anything. He further testified that there are no trailer camps or parks in the township.

The trial judge stated that:

"A sincere attempt has been made by the trial court to reconcile the position of the plaintiff in pursuing his remedies before the board of appeals and in attempting to determine under which ordinance the plaintiff was proceeding. It so happens that the board of appeals under both ordinances is

the same, and it is obvious from the reasons given by the board of appeals, that the denial of a permit to operate a trailer camp was under the zoning ordinance. From the testimony, it is equally obvious that a certificate of occupancy is necessary before a building permit or trailer-camp permit can be issued."

He then referred to the similarity between the instant case and that of the *City of East Lansing v. Meridian Township Building Inspector*, 332 Mich 96. After quoting from our opinion in that case, he concluded his written opinion with the following statement:

"In the case before us, the only question is whether the plaintiff is entitled, by clear legal right, to the relief sought and whether there is a clear legal duty on the part of the defendants to perform. Hence, the court, by reason of the plaintiff's failure to comply with the building code and interim zoning ordinance in the application for the permit, must deny the petition for the writ of mandamus, without prejudice to any proper proceedings that may be initiated hereafter."

Our observation in the *East Lansing Case*, that the circumstances were exceptional and confusing, might well be applied here.

We refrain from discussing problems of procedure and those pertaining to claimed defects in the enactment of the several township ordinances, because we conclude that the trial judge correctly applied the law so recently stated in the *East Lansing Case*.

It is, therefore, unnecessary at this time to pass upon the claimed arbitrary and unreasonable phases of both the township zoning ordinance and the township building code.

We need not labor the question of whether the township, by its zoning ordinance and building code, has usurped the functions of the State. We have al-

ready spoken on that question in *Richards* v. *City of Pontiac*, 305 Mich 666; and *Loose* v. *City of Battle Creek*, 309 Mich 1.

In the *Richards Case* the Court stated at page 672, in discussing the validity of the tourist-camp ordinance of the city of Pontiac and its claimed conflict with PA 1939, No 143, as amended by PA 1941, No 255 (CL 1948, §§ 125.751–125.768 [Stat Ann 1951 Cum Supp §§ 5.278 (1)–5.278(18)]):

"Its (the trailer camp act) intent and purpose is to take over the entire field of regulation and supervision of trailer parks in the State."

In the *Loose Case* the Court said, in speaking through Mr. Justice SHARPE, who also wrote the opinion in the *Richards Case:*

"In my opinion the ordinance (respecting the parking of trailers in numbers less than 3) occupies only the field left unoccupied by the State trailer-coach park act and cannot be held invalid because of conflict with that act."

This view of the matter and our modification of the broader statement in the *Richards Case* is emphasized by what Mr. Justice REID said in his dissenting opinion:

"Trailers are recognized as not being subject to the housing act. The trailer park act recited the need for the use of trailer coaches, saying, 'The trailer coach had become a necessity.'"

And the statement by Justices BOYLES and WIEST in their dissenting opinion:

"The ordinance is void in its entirety because it contravenes the general law of the State regulating trailer parks."

See, also, *Cady* v. *City of Detroit*, 289 Mich 499, and *Township of Wyoming* v. *Herweyer*, 321 Mich 611.

That which the legislature permits, the township cannot suppress without express legislative authority therefor. *National Amusement Co.* v. *Johnson*, 270 Mich 613; and *City of Grand Haven* v. *Grocers Co-Operative Dairy Co.*, 330 Mich 694.

. Denial of plaintiff's petition for mandamus "without prejudice to any proper proceedings that may be initiated hereafter," in the light of the observations in this opinion, is affirmed. A public question involving the construction of statutes and ordinances being involved, no costs will be allowed.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.