GUST v. TOWNSHIP OF CANTON.

1. LICENSES—TRAILER CAMPS.
   Trailer camps may lawfully be operated in this State (CL 1948, and CLS 1954, § 125.751 et seq.).

2. TOWNSHIPS—POLICE POWER—PUBLIC HEALTH, SAFETY, MORALS OR GENERAL WELFARE—PRESUMPTIONS—ZONING OR BUILDING ORDINANCES.
   Lawful uses of land may be prohibited in certain areas by township zoning or building ordinances, if such exercise of police power bears a real and substantial relationship to public health, safety, morals or the general welfare and the existence of such relationship will be presumed in the absence of proof on the subject.

3. SAME—PRESUMPTION OF VALIDITY OF AN ORDINANCE—EVIDENCE.
   The presumption of validity of a township ordinance, adopted in the exercise of the police power, indulged in the absence of proof on the subject, may not be resorted to when there are proofs upon which a judicial determination thereof may be made.

4. SAME—ZONING—TRAILER CAMPS—PRESENT PUBLIC HEALTH, SAFETY, MORALS OR GENERAL WELFARE.
   Evidence presented in owner's suit to enjoin township from enforcing its zoning and building ordinances against him so as to prevent his maintenance and operation of a trailer coach park on his 33 acres of land in agricultural and open country held, such that it cannot be said that the ordinances bear a real and substantial relationship to present public health, safety, morals or general welfare.

REFERENCES FOR POINTS IN HEADNOTES
[2] 58 Am Jur, Zoning §§ 16, 18, 26.
[3] 37 Am Jur, Municipal Corporations § 177.
[4] 58 Am Jur, Zoning § 63.
[5] 58 Am Jur, Zoning §§ 19–24.
[6] 58 Am Jur, Zoning § 26.

5. SAME—ZONING—SPECULATIVE STANDARDS.
> The test of an owner's right to the free use of his property in the manner deemed best by him is not to be determined by speculative standards, that certain conditions will develop in the future under which township zoning would not be arbitrary and unreasonable.

6. SAME—ZONING—PRESENT PUBLIC HEALTH, SAFETY, MORALS OR GENERAL WELFARE.
> The test of the validity of a township zoning ordinance is not whether the prohibition may at some time in the future bear a real and substantial relationship to the public health, safety, morals or general welfare, but whether it does so presently.

Appeal from Wayne; Weideman (Carl M.), J. Submitted April 6, 1955. (Docket No. 32, Calendar No. 46,376.) Decided June 6, 1955.

Bill by William A. Gust against the Township of Canton, a municipal corporation, to enjoin enforcement of provisions of zoning and building code ordinances. Decree holding ordinances unconstitutional and void insofar as they prohibit trailer coach park on plaintiff's property. Defendant appeals. Affirmed.

*William A. Borrusch* (*George O. Hansen,* of counsel), for plaintiff.

*William Sempliner* (*Earl J. Demel,* of counsel), for defendant.

*Amici Curiae:*

*Ross & Ross,* for Township of Van Buren, Wayne County.

*Edmond F. DeVine,* Prosecuting Attorney, *Eugene B. Calder,* Assistant Prosecuting Attorney, for Board of Supervisors of Washtenaw County.

Dethmers, J.   The factual background of this case is set forth in *Gust v. Township of Canton,* 337 Mich 137.   After decision therein plaintiff started the operation of a trailer camp on his premises in defendant township.   Defendant commenced criminal proceedings against plaintiff for violation of provisions of its zoning and building ordinances, which prohibit the establishment or operation of trailer camps anywhere in the township.   Plaintiff brought this action to enjoin defendant's enforcement of those provisions against him or his premises and prosecution of the criminal case.   From decree holding the ordinances "unconstitutional and void insofar as they prohibit the establishment, maintenance and operation of a trailer coach park * * * on the premises" of plaintiff and granting him the relief prayed, defendant appeals.

Trailer camps may lawfully be operated in Michigan under CL 1948 and CLS 1954, § 125.751 *et seq.* (Stat Ann 1953 Cum Supp § 5.278[1] *et seq.*), which provide for the licensing and regulation thereof. Lawful uses of land may be prohibited in certain areas by zoning or building ordinances, if such exercise of police power bears a real and substantial relationship to public health, safety, morals or the general welfare. *Roman Catholic Archbishop of Detroit* v. *Village of Orchard Lake,* 333 Mich 389, and cases therein cited.   Presumption of the existence of such relationship and, hence, of the validity of the ordinance is resorted to in the absence of proof on the subject, but not when there are proofs upon which a judicial determination thereof may be made, as when the contrary is shown by competent evidence or appears on the face of the enactment. *Roman Catholic Archbishop of Detroit* v. *Village of Orchard Lake, supra,* and cases therein cited.   Here the ordinances and record disclose the exclusion of trailer camps from the entire township.   From the record and

opinion in the former *Gust Case* and the record here, it is evident that the present character of the township, and particularly of the area in which plaintiff's lands are situate, is largely agricultural and open country, that plaintiff's lands are not in a residential section nor near industrial plants and that there is no industrially developed area in the entire township; that the nature and extent of the development of the township, or lack of it, are such that it cannot be said that zoning plaintiff's 33 acres of land partially into a 2-family residential zone, partly into a country home classification, and partly into a general industrial zone and prohibiting trailer camps therefrom bears a real and substantial relationship to present public health, safety, morals or general welfare. It is not seriously contended that it does. To so hold would be tantamount to declaring trailer camps detrimental to the public health, safety, morals or general welfare under every condition and circumstance and on that account subject to exclusion from every area in the State by local governing bodies. That would hardly square with the legislative intent expressed in the above act authorizing their operation in Michigan.

Defendant says, and its expert planners testified, that despite its open, undeveloped and agricultural character, it is in the Detroit metropolitan area, in which there has been a tremendous industrial growth; that such development has been following industrial corridors along the railroad lines running out of Detroit; that 2 such lines run through defendant township and large industrial plants have been built adjoining them in other townships; that similar development along the railroad lines in defendant township can reasonably be anticipated in the future; that to provide for homes for workers employed in such plants, if and when they are constructed in defendant township, and in those now

located outside the township, it is believed that defendant will change from an agricultural to a semi-urban community within 20 to 25 years, possibly sooner; that the ordinances were adopted to control such hoped-for development and change in an orderly way; that the portion of plaintiff's land zoned industrial is near enough to one of the railroad lines (over a quarter of a mile distant) so that it could be expected to be in demand some day for the industrial development expected to follow such line out from the city of Detroit; that under the zoning ordinance one of the permitted uses for lands zoned "country home" is off-street parking and that a portion of plaintiff's land was so zoned for the intended benefit of employees of the industries some day expected to be located on that portion of plaintiff's land zoned industrial and that this would constitute a buffer strip between the industrial zone and the residential zone in which there are, as yet, neither residences nor industries. Envisioning this future development, defendant says that the exclusion of trailer camps will be conducive thereto, whereas their presence would be a detriment to the kind of community expected in the future; that the ordinance provides a well-rounded pattern to stimulate and control healthy and orderly growth in the future and is in anticipation of the expected change; that there ought to be a basic plan for growth laid down before the growth commences.

The question presented, then, though not so phrased by the parties, is whether enforcement of the provisions of the zoning and building ordinances prohibiting plaintiff from establishing or operating a trailer camp on his land constitutes a lawful exercise of the police power when it bears no relationship to present public health, safety, morals or general welfare, but is asserted to have such relationship prospectively with respect to conditions expected to

exist in the future.  Defendant quotes from *Austin* v. *Older,* 283 Mich 667, 674: "Futhermore, the power to zone is not limited to a protection of the *status quo,* and the city may validly plan its future development.  In *Zahn* v. *Board of Public Works of Los Angeles,* 195 Cal 497 (234 P 388), affirmed in 274 US 325 (47 S Ct 594, 71 L ed 1074)."  The question presented in *Austin* went to the right to enlarge a nonconforming use.  The holding was simply that denial of the right to enlarge and, in turn, the gradual elimination of a nonconforming use in a "residential neighborhood" had a reasonable relationship to the public health, welfare and safety.  There was no question of prohibiting a use in the interest of creating a future residential neighborhood.  In the cited California case, *Zahn* v. *Board of Public Works of Los Angeles,* although there is language seemingly in support of defendant's thesis, it is to be noted that the California court stressed the fact that the property involved abutted on one of Los Angeles' main thoroughfares carrying a tremendous amount of traffic and that the establishment of businesses along it contrary to the zoning would occasion increased stopping and parking in the resulting business area, causing traffic to be seriously retarded and the thoroughfare to lose much of its usefulness as a main artery.  The supreme court of the United States, in affirming the decision of the State court upholding the validity of the ordinance, pointed to the fact that much of the property fronting on said thoroughfare was restricted against use for business purposes by deed and would be seriously depressed in value if plaintiff's property, not so restricted, were to be zoned for business.  Under such circumstances, the relationship between the ordinance and present public health, safety and general welfare is more readily apparent.  In contrast, in the instant case, such re-

lationship is only claimed to exist with respect to an anticipated situation, to arise in the future.

If the action of a township board in zoning property in a manner which would otherwise be arbitrary and unreasonable under present conditions is rendered valid by the fact that the board anticipates that in the future conditions will develop under which such zoning would not be arbitrary and unreasonable and believes that it will be conducive thereto, then the only limit on the board's powers in that regard would seem to be the measure of its expectations and beliefs. The extent of the owner's right to the free use of his property in the manner deemed best by him is not to be determined by such speculative standards. The test of validity is not whether the prohibition may at some time in the future bear a real and substantial relationship to the public health, safety, morals or general welfare, but whether it does so now.

Decree affirmed, with costs to plaintiff.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.