KNIBBE *v.* CITY OF WARREN.

1. MUNICIPAL CORPORATIONS—TRAILER COACH PARKS—PUBLIC UTIL-
ITY PERMITS—POLICE POWER.

> Denial of water, sewer, and electrical service permits by city to
> mandamusing plaintiff in furtherance of defendant city's effort
> to dissuade use of additional property for trailer coach park
> purposes *held*, an unreasonable exercise of the police power as
> applied to plaintiff's property, where not only plaintiff's exist-
> ing trailer coach park is adjacent, but another such park is
> located on adjoining property, and issuance of such permits
> will in no manner impede statutory and local regulation, for
> purposes of health, safety, morals, and public welfare, of
> plaintiff's present and prospectively extended trailer coach
> park (Warren Ordinance No 76).

2. COSTS—UTILITY PERMITS—ZONING ORDINANCE.

> No costs are allowed in mandamus proceeding to compel issuance
> of utility permits and to enjoin enforcement of zoning ordi-
> nance in respect to trailer coach parks as to plaintiff's prop-
> erty.

SMITH, EDWARDS, and SOURIS, JJ., dissenting.

Appeal from Macomb; Kane (Edward T.), J., pre-
siding. Submitted February 15, 1961. (Docket No.
78, Calendar No. 48,307.) Decided June 28, 1961.

Mandamus by Klaas Knibbe against the City of
Warren, a municipal corporation, to compel issuance
of utility permits and to enjoin enforcement of zon-
ing ordinances in respect to trailer coach parks as

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur, Municipal Corporations § 309.
Tourist or motor courts. 22 ALR2d 774.
[2] 35 Am Jur, Mandamus § 393.

they apply to his property. Writ granted. Defendant appeals. Affirmed.

*Johnston & Wendt* (*William V. Wendt,* of counsel), for plaintiff.

*Howard E. Snapp, Kenneth R. McAlpine,* and *Miller, Canfield, Paddock & Stone,* for defendant.

PER CURIAM. This case in legal principle cannot be distinguished from *Dequindre Development Co.* v. *Charter Township of Warren,* 359 Mich 634. Also, it is closely related to *Dequindre* in a factual way. Immediately south of the tract considered in *Dequindre* is plaintiff's trailer coach park (see page 636 of *Dequindre* report). Adjacently south and west of such trailer coach park the remainder of plaintiff's premises are located. It is with respect to use of such remainder that the present controversy has arisen.

Plaintiff, desiring to extend his trailer coach park to such remainder, applied to the defendant (formerly township and now city of Warren) for certain permits authorizing water, sewer, and electrical services therefor. The application was denied on assigned strength of the same ordinances as were considered in *Dequindre.* Plaintiff then applied in the Macomb circuit for a writ of mandamus to compel issuance of such permits. The writ, following due hearing, was issued. Defendant appeals.

For reasons given in the majority opinions of *Dequindre,* and for corresponding reasons recorded in the opinion of the trial judge, we find that the defendant has arbitrarily and capriciously refused to issue the permits sought by plaintiff and that issuance thereof will in no manner impede statutory and local regulation, for purposes of health, safety, morals, and public welfare, of plaintiff's present and

prospectively extended trailer coach park. The trial judge concluded, and we agree:

"It is apparent that the defendant city desires to and has made every effort at dissuading or flatly prohibiting mobile home courts or trailer parks. By its Ordinance No 60, adopted in 1952, in effect, trailer parks were prohibited. By its Ordinance No 76, adopted by the now city rather than township government, the defendant has in effect, again prohibited trailer parks by, on the one hand, making them lawful and on the other by failing to give substance to their intent by not zoning any property within the city limits to an R-4 district. Certainly, it must be further assumed that the defendant is fully cognizant of the general property conditions in the area involved and its unsuitability to the purposes of the district zoning now in effect.

"The only logical conclusion to be drawn from these sundry facts is that the refusal of the defendant to rezone any parcel to R-4, regardless of location and suitability, and in particular as to this plaintiff's property, is arbitrary and capricious, and that Ordinance No 76 is, in its application to plaintiff's property, unreasonable, and confiscatory.

"While it is well established that courts resist the temptation to legislate, and to substitute themselves and its judgment for the duly elected representatives of the general public, yet the right of each individual, if infringed upon, must with equal zealousness be protected. In the case under consideration, the existing ordinance as it affects plaintiff's property is not a reasonable exercise of the police power, and is not predicated upon a substantial tendency to promote the public health, safety, morals, or welfare of the people."

Affirmed. No costs.

DETHMERS, C. J., and CARR, KELLY, BLACK, and KAVANAGH, JJ., concurred.

EDWARDS, J. (*dissenting*).  This is a continuation. of a legislative dispute, over zoning in the city of Warren, which has recently been transferred to this Court.  In *Dequindre Development Co.* v. *Charter Township of Warren,* 359 Mich 634, this Court by majority decision held residential zoning for a certain 17-acre parcel of vacant land to be unconstitutional.  Prior to this decision the boundary between R-1 and industrial zoning in this area ran to the south and west of the 17-acre parcel.  By that decision the majority of our Court redrew the boundary so it now runs on the north and east of the same parcel.

The primary argument for rezoning was an adjacent nonconforming use in the presence of a trailer park which threatened to burst its seams.  Logically, it might have been expected that the 17 acres rezoned by *Dequindre, supra,* north of the trailer park would have been used for its expansion.

In the present case the city of Warren appeals from the issuance of a writ of mandamus requiring it to issue various building permits and enjoining it from enforcing its zoning ordinance to prevent expansion of the very same trailer park which was the subject of comment in *Dequindre, supra.*  The effect of the writ of mandamus issued in the court below, however, would be to hold unconstitutional residential zoning on the other side of the trailer park to its south and west.

We read much of what has been presented here as suggesting in effect that since we have assumed legislative responsibility for zoning north of the trailer park, we should do so south of the trailer park likewise.

Having disagreed with the original mistake made in *Dequindre Development Co.* v. *Charter Township of Warren, supra,* we feel no responsibility for enlarging it.  The original zoning in this area was well

within the legislative discretion. It should not have been interfered with in *Dequindre.* It should not now be subject to judicial interference again.

Further, if the wisdom of this matter were properly to be considered in this Court, we should give some thought to the equities of the property owners in the approximately 6 blocks of the residentially developed and zoned land lying west of this disputed area. By the action of the court below these blocks would become a residential island completely surrounded by commercial or industrial uses. Presumably the interests of these lonely homeowners may have been in the minds of the local legislative body.

Actually, we should remind ourselves of our own words in *Brae Burn, Inc.,* v. *City of Bloomfield Hills,* 350 Mich 425, 431:

"Our laws have wisely committed to the people of a community themselves the determination of their municipal destiny, the degree to which the industrial may have precedence over the residential, and the areas carved out of each to be devoted to commercial pursuits. With the wisdom or lack of wisdom of the determination we are not concerned. The people of the community, through their appropriate legislative body, and not the courts, govern its growth and its life. Let us state the proposition as clearly as may be: It is not our function to approve the ordinance before us as to wisdom or desirability. For alleged abuses involving such factors the remedy is the ballot box, not the courts. We do not substitute our judgment for that of the legislative body charged with the duty and responsibility in the premises. As Willoughby phrased it in his treatise, Constitution of the United States (2d ed, 1929), vol 1, § 21, p 32: 'The constitutional power of a law-making body to legislate in the premises being granted, the wisdom or expediency of the manner in which that power is

exercised is not properly subject to judicial criticism or control.' "

Judgment granting writ should be reversed. Costs should be awarded to appellant.

SMITH and SOURIS, JJ., concurred with EDWARDS, J.