## ANDERSON *v.* TOWNSHIP OF HIGHLAND

1. ZONING—TRAILER COACH PARKS—PROHIBITION.

   Properly operated mobile home parks are lawful in this state and have been regulated by statute, and a township zoning ordinance which attempts to prohibit trailer coach parks absolutely is invalid (MCLA § 125.1001 *et seq.*).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Use of trailer or similar structure for residence purposes as within limitation of restrictive covenant, zoning provision, or building regulation. 96 ALR2d 232.

   58 Am Jur, Zoning § 63.

[3, 4] 58 Am Jur, Zoning § 39.

   Spot zoning. 51 ALR2d 263.

2. ZONING—TRAILER COACH PARKS—TOWNSHIPS—ORDINANCE.

An original township ordinance prohibiting trailer coach parks and an amending township ordinance purporting to allow trailer coach parks in designated districts is an attempt on the part of the township to prohibit trailer coach parks and mobile home development, where the township failed to establish any area as the designated district.

3. ZONING—ORDINANCE—SPOT ZONING.

A zoning ordinance or an amendment of a zoning ordinance to permit piecemeal or haphazard zoning is void, and so-called "spot zoning," where it is without reasonable basis, is invalid.

4. ZONING—TRAILER COACH PARKS—SPOT ZONING.

A zoning ordinance providing for trailer coach parks in designated districts, but failing to establish any such districts, would be invalid as leading to spot zoning, if it was intended to provide for approval or rejection by the township board of applications for use of land for trailer coach park purposes as they are presented from time to time.

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 November 4, 1969, at Detroit. (Docket Nos. 6,210, 6,211.) Decided December 10, 1969.

Complaint by Walter D. Anderson and Laura M. Anderson and Donald Thomas and Loretta Thomas against the Township of Highland and others, to declare a township ordinance invalid. Judgment for plaintiff. Defendants appeal. Affirmed.

*Long, Ryan, Franseth, Goodenough & Smith,* for plaintiffs.

*Dudley & Patterson* (*Paul M. Mandel,* of counsel), for defendants.

Before: LESINSKI, C. J., and HOLBROOK and QUINN, JJ.

Holbrook, J. Plaintiffs are owners, as land contract purchasers pursuant to contracts dated January 29, 1966, of two adjacent parcels of vacant land located on highway M-59 in section 21, Highland township, Oakland county, Michigan which, taken together, contain slightly more than 200 acres, the surface composition of which is sand and gravel. The properties to the north, east and west of plaintiffs' parcels are vacant land, with the exception of an area of land approximately 100 feet frontage by 500 feet in depth, located to the west of plaintiffs' property, used by a construction company. To the south of plaintiffs' land, on the south side of highway M-59, are located a small number of homes fronting on the highway.

These cases were consolidated for trial purposes. They involve actions to restrain enforcement of defendants' zoning ordinance, wherein plaintiffs' property is zoned "Agricultural", with the exception of that part of each parcel 500 feet in depth, fronting on highway M-59, which is zoned "Commercial" and the rear 500 feet of the smaller, or easterly, parcel which are not involved in the present controversy.

Defendants' 1960 zoning ordinance was adopted on August 2 of that year through compliance with the proper legal procedure. At the time plaintiffs entered into the land contract in 1966 to purchase the subject property, the zoning ordinance was in effect and provided in §§ 5.1(5) and 8.2 thereof as follows:

"5. A trailer coach park, other than that already in existence in this township, will not be permitted.

\* \* \*

"Section 8. Agricultural District.

\*   \*   \*

"Section 8.2 Use of trailers. Trailers may be used in this district as a temporary dwelling by persons connected with the farming operations but not for more than one year unless extended by the Board of Appeals.

Plaintiffs' complaint alleged in part as follows:

"7. That plaintiff Walter D. Anderson, on behalf of himself and the other plaintiffs, applied to the township of Highland and to the Highland Township Zoning Board requesting that a zoning change be made, and that plaintiffs be permitted to construct mobile homes on the property above described, except for the south 500 feet fronting on M-59, which had been zoned for commercial purposes. That this request for zoning change, or authority to construct mobile homes in accordance with the state laws permitting same, was unlawfully turned down.

\*   \*   \*

"9. That as applied to acreage owned by plaintiffs, which is a substantial distance from area that could be effected, other than beneficially, the aforesaid prohibition is unreasonable and could not have a good faith relationship to the purposes for which the police power can be exercised.

"10. That mobile homes parks are lawful and specifically authorized by statute and, therefore, cannot, as such, be prohibited in a township."

Defendants' amending ordinance, effective October 27, 1967, purported to provide for trailer coach parks within the township as follows:

"Trailer Coach Park District 'TR-1'

"Section 'TR-1' District. The following uses and no other shall be deemed 'TR-1' district uses and shall be permitted in all 'TR-1' districts:

"A. Trailer and Mobile Home Parks. No trailer or mobile home park shall be permitted in High-

land township unless the same complies with the Highland township trailer park ordinance *and then only in a 'TR-1' district.*"   (Emphasis supplied.)

In their supplemental answer defendants interposed as an affirmative defense the following:

"[D]efendants allege that the plaintiffs have not applied for a change of land use classification, nor for a zoning compliance permit as provided in a duly adopted amendment to the zoning ordinance of the township of Highland, and therefore have not exhausted their administrative remedies."

However, defendant Charles S. Toy, secretary of the defendant township zoning board, testified that no ordinance had been passed by the township designating any property in a "trailer coach park district".

The trial court, without a jury, entered a final judgment in favor of plaintiffs.   Defendants appeal from the decision of the circuit court, raising several contentions of error.   The issue to be determined is restated as follows:

*Did the trial court commit error in determining that defendant township's 1960 zoning ordinance, prohibiting the construction of mobile home parks within said township, and the 1967 zoning ordinance amendment, purporting to create a "trailer coach park district" without allocating land for said district, are invalid?*

The trial judge made certain findings of fact which are amply substantiated by the record.   We quote with approval the trial court's opinion, wherein it is stated:

"An examination of the amending ordinance discloses that provision is made for trailer coach parks and for the control of their use.   Under the amendment a person seeking such zoning must obtain a

zoning compliance permit from the township clerk. Approval of the size and shape of trailer coach lots is left to the township zoning board. However, insofar as the record indicates no land has been set aside in the township for trailer coach parks nor is such use included in any identifiable district or area. Such a patchwork approach to zoning would not be based upon a plan designated to promote the public health, safety and morals of the community, as required by statute, and if a mobile home park were permitted by the township clerk the result would be spot zoning and therefore improper.

\*    \*    \*

"It is apparent from the record in these causes that the township board and the citizens of the community who approved the original zoning ordinance, are determined to prevent the development of mobile home parks regardless of community need or their propriety as established by state act. It is the opinion and finding of this court that the amending ordinance is an attempt on the part of the township board to continue that purpose by a different approach. The restrictions upon the use of mobile home parks, the control of their development, and particularly the failure to set aside specific areas for such purposes, all point to the fact that the township simply does not want mobile home parks and every effort is being used to prohibit their development.

"From 1958 when the first interim zoning ordinance was adopted until late in 1967 when these two causes were scheduled for trial, no mobile home parks were permitted under the provisions of the township zoning ordinance. During the last two years of that period plaintiffs acquired their land in section 21, prepared plans to utilize the land as a mobile home park, which in their opinion, was its most productive use, and applied for permission to so utilize their land. Suddenly the township through its elected officials decided to amend the

ordinance to permit mobile home parks under cer-
tain restricted conditions. Regardless of whether
the plaintiffs have established a vested interest in
the use of their lands for a mobile home park, it
would seem to this court to be inequitable for the
township to throw further road blocks in the path
of the plaintiffs' effort to make their lands produc-
tive. Plaintiffs' request for permission to use their
land in a statutorily approved manner should be
tested as of the time that the original request was
made.

\* \* \*

"From the testimony it appears that the land
has not been used for farming purposes for the
past five years despite the fact that it has been
zoned for such purposes. That admitted fact would
indicate that the zoning authorities have not been
realistic in their evaluation of the property. If
those who know the land and live nearby find it
unsuited to agricultural purposes, certainly no gov-
ernmental enactment can make it useable as farm
land.

"Testimony further indicates that there is no
present demand for the use of the property for
residential purposes even though it is not so zoned.
On the other hand creditable testimony was offered
indicating a need in the community for mobile home
sites.

"In the face of those undisputed facts the town-
ship board has held to a regulation prohibiting the
development of mobile home parks. Mobile home
parks have been recognized by the state as a needed
and efficient means of providing homes for its resi-
dents. No one can say that the use of land for such
purposes is injurious to the public health, safety or
morals. It is therefore the opinion of this court
that to deny to the plaintiffs this proper and
needed use of their lands is an arbitrary taking
of the plaintiffs' property without compensation,

and hence a denial of the plaintiffs' constitutional rights."

Our state legislature, through the enactment of the Trailer Coach Park Act of 1959, PA 1959, No 243, MCLA § 125.1001 *et seq.* (Stat Ann 1961 Rev § 5.278[31] *et seq.*) has recognized properly operated mobile home parks as lawful. The act provides for state licensing and regulation of such parks, subject to full compliance with all "applicable codes, regulations or ordinances not in conflict with this act". MCLA § 125.1016 (Stat Ann 1961 Rev § 5.278 [46]).

In *Gust* v. *Township of Canton* (1955), 342 Mich 436 the Supreme Court considered the forerunner to the present Trailer Coach Park Act of 1959, *supra.* The *Gust case* cited by both parties, is factually similar to the instant case. There it was stated at p 438:

"Trailer camps may lawfully be operated in Michigan under CL 1948 and CLS 1954, § 125.751 *et seq.* (Stat Ann 1953 Cum Supp § 5.278[1] *et seq.*), which provide for the licensing and regulation thereof."

In *Dequindre Development Co.* v. *Charter Township of Warren* (1960), 359 Mich 634, cited by plaintiffs, and analogous to the case at hand, the Supreme Court stated at pp 640, 641 as follows:

"[S]tatutorily supervised trailer coach life so far has received due approval as a matter of State policy. Such mode of life cannot be outlawed by local act for reasons given in *Gust* v. *Township of Canton* (1955), 342 Mich 436, followed in *Smith* v. *Plymouth Township Building Inspector* (1956), 346 Mich 57, and *Clark* v. *Lyon Township Clerk* (1957), 348 Mich 173."

Defendants' 1960 zoning ordinance, by its terms, prohibited trailer coach parks within the township. This prohibition is not controverted by defendants. In *Gust* v. *Township of Canton, supra,* the Court, speaking of such prohibition by means of local ordinances, stated at pp 438, 439:

"Here the ordinances and record disclose the exclusion of trailer camps from the entire township. From the record and opinion in the former *Gust Case* [(1953), 337 Mich 137] and the record here, it is evident that the present character of the township, and particularly of the area in which plaintiff's lands are situate, is largely agricultural and open country, that plaintiff's lands are not in a residential section nor near industrial plants and that there is no industrially developed area in the entire township; that the nature and extent of the development of the township, or lack of it, are such that it cannot be said that zoning plaintiff's 33 acres of land partially into a 2-family residential zone, partly into a country home classification, and partly into a general industrial zone and prohibiting trailer camps therefrom bears a real and substantial relationship to present public health, safety, morals or general welfare. It is not seriously contended that it does. To so hold would be tantamount to declaring trailer camps detrimental to the public health, safety, morals or general welfare under every condition and circumstance and on that account subject to exclusion from every area in the State by local governing bodies. That would hardly square with the legislative intent expressed * * * authorizing their operation in Michigan."

In *Kremers* v. *Alpine Township* (1959), 355 Mich 563, the Court stated at pp 568, 569:

"The zoning ordinance of Alpine township, by virtue of a rezoning provision contained therein, purports to give the board of appeals power to

exclude trailer parks from the township. Such a
provision in a township or municipal ordinance
which is in conflict with the trailer coach park act
(CL 1948 and CLS 1954, § 125.751 *et seq.* [Stat
Ann 1955 Cum Supp § 5.278(1) *et seq.*]) is invalid.
*National Amusement Co.* v *Johnson* (1935), 270 Mich
613; *Richards* v. *City of Pontiac* (1943), 305 Mich
666; *Gust* v. *Township of Canton* (1953), 337 Mich
137."

Defendants' attempt to prohibit trailer coach parks,
as is reflected in the zoning ordinance of 1960, rend-
ers the ordinance invalid as applied to construction
of such parks within the township.

Defendants contend that the township zoning
ordinance, as amended, does not prohibit trailer
parks in the township provided that permits to con-
struct such parks are obtained pursuant to the
provisions of the ordinance amendment of 1967.
While the amendment does, as indicated, make
reference to a trailer coach park district, the record
shows, as the trial court found, that, in fact, the
township has set aside no land for trailer coach
parks. In this regard the case of *Dequindre De-
velopment Co.* v. *Charter Township of Warren, su-
pra,* is relevant.

In *Knibbe* v. *City of Warren* (1961), 363 Mich
283 the Supreme Court stated at p 285 as follows:

" 'It is apparent that the defendant city desires
to and has made every effort at dissuading or flatly
prohibiting mobile home courts or trailer parks. By
its ordinance No 60, adopted in 1952, in effect,
trailer parks were prohibited. By its ordinance No
76, adopted by the now city rather than township
government, the defendant has in effect, again
prohibited trailer parks by, on the one hand, making
them lawful and on the other by failing to give
substance to their intent by not zoning any property
within the city limits to an R-4 district. Certainly,

it must be further assumed that the defendant is fully cognizant of the general property conditions in the area involved and its unsuitability to the purposes of the district zoning now in effect.

" 'The only logical conclusion to be drawn from these sundry facts is that the refusal of the defendant to rezone any parcel to R-4, regardless of location and suitability, and in particular as to this plaintiff's property, is arbitrary and capricious, and that ordinance No 76 is, in its application to plaintiff's property, unreasonable, and confiscatory.' "

The plaintiffs commenced these suits on May 9 and 11, 1966. The amending ordinance was adopted with full knowledge of the deficiencies in the original ordinance. The amending ordinance was adopted more than a year and five months after plaintiffs' actions were commenced. As we read the amending ordinance there is no provision for the granting of a trailer coach park permit unless and until a "TR-1 district" has been established in the township. The original ordinance prohibited trailer coach parks. The amending ordinance in effect still prohibits trailer coach parks, by reason of the failure to create a "TR-1 district". We agree with the able trial judge who stated in his findings, as follows:

"[T]hat the amending ordinance is an attempt on the part of the township board to continue that purpose by a different approach. The restrictions upon the use of mobile home parks, the control of their development, and particularly the failure to set aside specific areas for such purposes, all point to the fact that the township simply does not want mobile home parks and every effort is being used to prohibit their development."

We rule that the validity of the 1967 zoning ordinance amendment is governed by the *Knibbe* and *Dequindre cases.* Having so determined, we con-

clude that the trial court did not commit error in ruling that defendants' 1960 zoning ordinance and the 1967 amendment of that ordinance are invalid and of no effect as applied to the construction of mobile home parks within the township.

*Arguendo,* if the township board had in mind, in their ordinance amendment, to provide for approval or rejection of an applicant's land for trailer park purposes, as the applications are presented from time to time, this would result in illegal spot zoning. In 8 McQuillin, Municipal Corporations (3d ed), § 25.83, pp 223, 224, "spot zoning" is defined as follows:

"Although not denounced by any hard and fast rule, zoning in a haphazard manner is not favored and, on the contrary, zoning should proceed in accordance with a definite and reasonable policy. Thus, a zoning ordinance or an amendment of a zoning ordinance to permit piecemeal or haphazard zoning is void, and so-called 'spot zoning,' where it is without a reasonable basis, is invalid. The legislative intention in authorizing comprehensive zoning is reasonable uniformity within districts having in fact the same general characteristics and not the marking off, for peculiar uses or restrictions of small districts essentially similar to the general area in which they are situated." (See cases cited therein).

The trial court ruled that defendants' 1967 amending ordinance was invalid for failure of defendant township to comply with the notice requirements set forth in MCLA § 125.284 (Stat Ann 1969 Cum Supp § 5.2963[14]) for adoption of zoning ordinances. We find it unnecessary to rule upon this question or the other questions raised by defendants in view of our decision herein.

Affirmed. Costs to plaintiffs.

All concurred.