SMOOKLER v WHEATFIELD TOWNSHIP

ZONING—MOBILE HOME EXCLUSION—VALIDITY—BURDEN OF PROOF.

> The validity of zoning which precludes using land for mobile-home-park use is dependent on a showing that the needs of public health, safety, convenience, morals, or general welfare of the local community far outweigh those of the public at large, and the burden of establishing this showing is on the municipality; facts that relate to an increase in the burdens, economic and otherwise, on the municipality for future services are not justification for exclusionary zoning.

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 March 13, 1973, at Lansing. (Docket No. 14669.) Decided March 29, 1973. Leave to appeal applied for.

Complaint by Bernard H. Smookler, Judith A. Smookler, Richard J. Anderson, and Elaine M. Anderson against Wheatfield Township and its supervisor challenging the validity of a township zoning ordinance as applied to plaintiffs' land. Judgment for defendants. Plaintiffs appeal. Reversed.

*Anderson, Green & McKay, P. C.,* for plaintiffs.

*Church, Wyble, Kritselis & Tesseris* (by *F. Merrill Wyble* and *Thomas H. Hay),* for defendants.

REFERENCES FOR POINTS IN HEADNOTE

54 Am Jur 2d, Mobile Homes, Trailer Parks, and Tourist Camps §§ 7, 13, 14.

Maintenance or regulation by public authorities of tourist or trailer camps, motor courts, or motels. 22 ALR2d 774.

Use of trailer or similar structure for residence purposes as within limitation of restrictive covenant, zoning provision, or building regulation. 96 ALR2d 232.

Before: QUINN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

PER CURIAM. Plaintiffs' land is zoned agricultural and residential. They sought to have it rezoned for a mobile home park. Denial of the application for rezoning precipitated the present action for judicial relief on the basis that as applied to their land, the present zoning was an unlawful exercise of police power. The township zoning permits mobile home parks but no land has been allocated for such development. All previous requests for rezoning to permit mobile home parks have been denied.

The validity of the zoning which precludes plaintiffs from using their land for mobile home park use is dependent on a showing that the needs of public health, safety, convenience, morals or general welfare of the local community far outweigh those of the public at large, *Bristow v Woodhaven,* 35 Mich App 205 (1971); *Green v Lima Twp,* 40 Mich App 655 (1972). Both sides agree that defendants bear the burden of establishing this showing. The trial court held that defendants had met that burden and denied relief. The issue on appeal is the correctness of that holding.

From the record the trial court found:

1. The proposed mobile home park when completed would double the population of the township, more than double the number of housing units and provide two parking places per mobile unit.

2. The township has no police protection and depends on the county sheriff and the state police for it.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

3. The township has no fire protection and depends on the City of Williamston and other townships for such protection.

All of the foregoing facts relate to an increase in the burdens, economic and otherwise, on the township for future services. This type of economic justification for exclusionary zoning was rejected in *Green, supra.*

Reversed with costs to plaintiffs.