DETROIT SHIPBUILDING CO. *v.* CITY OF DETROIT.

1. TAXATION—PERSONAL PROPERTY OF FOREIGN CORPORATION PROPERLY ASSESSED AGAINST ONE IN POSSESSION.

   Raw materials sent by a foreign corporation to plaintiff, who bestowed some labor thereon, and which were in its possession and situated in the city of Detroit, were properly assessed against plaintiff under the Detroit city charter, tit. 6, chap. 4, § 1, p. 118, and 1 Comp. Laws 1915, § 4008, subd. 8, and section 4106, and plaintiff is entitled to recover same from said corporation under section 4043 and Detroit city charter, tit. 6, chap. 4, § 7.

2. SAME—RIGHT OF ONE PAYING TAX TO RECOVER SAME—LIENS.

   1 Comp. Laws 1915, § 4008, gives a lien to one in possession of personal property who has paid a tax thereon to recover the tax so paid from the person or corporation that ought to have paid it.

Error to Wayne; Moynihan (Joseph A.), J.   Submitted June 3, 1924.   (Docket No. 23.)   Decided July 24, 1924.   Rehearing denied October 6, 1924.

Assumpsit by the Detroit Shipbuilding Company against the city of Detroit for taxes paid under protest.   Judgment for plaintiff on a directed verdict. Defendant brings error.   Reversed, and judgment entered for defendant.

*Walter Barlow (George A. Kelly,* of counsel), for appellant.

*Beaumont, Smith & Harris (Julian H. Harris* and *Melville C. Mason,* of counsel), for appellee.

BIRD, J.   This action was begun to recover a tax on personal property of $2,246.88, which was paid by plaintiff under protest.   The facts not being in

dispute, the court directed a verdict for the plaintiff.

The stipulation of facts shows that the Detroit & Cleveland Navigation Company contracted with the American Shipbuilding Company to construct for it two large passenger steamers for a stated consideration. The contract made it obligatory on the American Shipbuilding Company to keep the property insured. The American Shipbuilding Company constructed the hulls of the boats at Lorain, Ohio, and contracted with plaintiff to install the engine and machinery, also to manufacture and install the decks, cabins and furnishings. In pursuance of this contract it sent raw materials to plaintiff for this purpose, and plaintiff was under obligation to bestow certain labor on and install it at its plant in Detroit. It was estimated that these materials, on April 1, 1923, some of which were raw, some manufactured and some in process, were of the value of $100,000, and the board of assessors assessed it to plaintiff at that sum. Plaintiff denied that it owned the property and asserted that the property belonged to the Detroit & Cleveland Navigation Company. That company appeared before the board of assessors and denied that it was the owner of the property. Finally the board assessed it to plaintiff because it had possession of it, and, under protest, it paid the tax, and now seeks to recover.

It is asserted by defendant that under the city charter it was properly assessed to plaintiff because it had possession of it on April 1, 1923, and cites the following provision of the charter to support it:

"The owners or persons in possession of any personal property shall pay all taxes thereon." Detroit City Charter, titl. 6, chap. 4, § 1, p. 118.

Plaintiff asserts that the State tax law requires personal property to be assessed to the owner, and points out that the charter provision quoted does not authorize an assessment against one in possession who

is not the owner, but simply provides that he shall pay the tax.    It appears that the assessors had great difficulty in determining against whom the assessment should be made.    The difficulty was increased because the question of title depended in some measure upon the construction of the contract between the Detroit & Cleveland Navigation Company and the American Shipbuilding Company.    The provision which raises this doubt reads:

"While said steamers are in the course of building, the owner shall, on making the payments aforesaid, become part owner of said steamers and all materials therefor, in the proportion that the amount of payments made herein shall bear to the value of work done and materials furnished on and for said steamers."

Under this clause of the contract the Detroit & Cleveland Navigation Company would be part owner of the property taxed, and the American Shipbuilding Company would be part owner thereof.    While the assessment was pending the Detroit & Cleveland Navigation Company appeared before the board of review and made a showing that it did not own the property, and disclaimed any liability for the tax thereon.    The fact appeared to be undisputed that the American Shipbuilding Company sent to plaintiff the raw materials upon which plaintiff had bestowed some labor, and it further appeared that plaintiff was in possession of said property, and that it was situate in the city of Detroit.    We think, under this showing, it was fair for the assessors to assume that the American Shipbuilding Company had the legal title to the personal property in question.    This being true, the assessment was properly made against plaintiff, because it is conceded that it had possession of the property.    The American Shipbuilding Company is a foreign corporation, and our tax laws provide that when the personal property of a foreign corporation

is within the taxing district it may be assessed to the person or corporation having possession thereof:

"Personal property of nonresidents of the State * * * shall be assessed in the township or ward where the same may be, to the person, persons or corporation having control of the premises, store, mill, dockyard, piling ground, place of storage or warehouse, where said property is situated in such township." * * * 1 Comp. Laws 1915, § 4008, subd. 8.

Counsel appear to be in serious conflict as to whether the property should be assessed under the State law or under the charter tax law of Detroit. This controversy does not appear to be important in this case because it does not appear that there is any conflict. The following provision of the tax law, however, settles that question:

"This act shall be applicable to all cities and villages where not inconsistent with their respective charters." * * * 1 Comp. Laws 1915, § 4106.

To assess the property of a nonresident corporation to the corporation having possession thereof does not contravene any tax law of the city charter which has been called to our attention. Under the State law (§ 4008) and under the charter provisions (tit. 6, chap. 4, § 1) the collection may be enforced against the one having possession, and both, State law and charter, provide that having paid it the person or corporation may recover the tax from the person or corporation whose legal duty it was to pay it (1 Comp. Laws 1915, § 4043; Detroit Charter, tit. 6, chap. 4, § 7). And the State law gives the party so assessed a lien on the property for the tax paid (§ 4008). This section gives a remedy to one in possession who has paid the tax to recover from the person or corporation that ought to have paid it.

The situation was a difficult one for the assessor by

reason of the conflicting claims of the parties, the construction of the contract and the disclaimer of the Detroit & Cleveland Navigation Company that it owned the property.   We think the record justifies the assessment as made.   The trial court was in error in directing a verdict for the plaintiff.

The judgment is reversed and one will be entered in the trial court for defendant in accordance with this opinion.   Defendant will recover its costs against plaintiff in both courts.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.