CITY OF DETROIT v. GRAY.

1. MUNICIPAL CORPORATIONS—TAXATION—PERSONAL PROPERTY—DEMAND—CONDITION PRECEDENT.

Charter provision that "the board of assessors shall have * * * power and authority to demand of every person owning or having charge as agent, or otherwise, of any taxable property, a list of such property" gives the board a discretionary power to demand such list, hence the demand is not a condition precedent to the validity of ad valorem assessments and need not be proven in action to collect assessment thereon (Detroit Charter, title 6, chap. 2, § 3).

2. SAME—TAXATION—HOUSEHOLD FURNITURE—TITLE IN WIFE—ASSESSMENT.

Personal property taxes upon household furniture were properly assessed to husband although title to the same had been trans-

ferred to his wife, under charter providing that persons in possession of personal property should pay taxes assessed thereon (Detroit Charter, title 6, chap. 6, § 1).

3. Same—Personal Property—Possession of Household Furniture by Husband—Taxation.

A man, living in his home with his wife and family, *held*, in possession of the personal property contained therein for purposes of taxation under city charter provision, hence he was liable for personal property taxes thereon (Detroit Charter, title 6, chap. 6, § 1).

Appeal from Wayne; Chenot (James E.), J. Submitted April 10, 1946. (Docket No. 29, Calendar No. 43,255.) Decided May 13, 1946.

Assumpsit by City of Detroit and its treasurer against Elmer J. Gray for taxes on personal property. Judgment for plaintiff. Defendant appeals. Affirmed.

*William E. Dowling,* Corporation Counsel, and *John H. Witherspoon* and *Alfred S. Stolinski,* Assistants Corporation Counsel, for plaintiff.

*Fildew & DeGrce,* for defendant.

Sharpe, J. This is an action by the city of Detroit against defendant, Elmer J. Gray, a resident of Detroit, for the collection of personal property taxes claimed to be past due for the years 1938 to 1942 inclusive.

The material facts are not in dispute. Defendant, his wife and child occupied a home located in the city of Detroit. The home contained household furniture. In 1930, defendant entered into an agreement conveying his household furniture to his wife. This agreement was not recorded and was not known to the assessing officers. During the years 1938 to 1942 inclusive a notice was published in a newspaper

of general circulation, advising taxpayers that assessment rolls would be completed and available for inspection by the taxpayers. There was evidence that blank forms for sworn statements for the listing of taxable personal property were mailed to defendant for the years 1938 to 1942 inclusive. In addition, a second demand and notice to file a sworn statement was mailed to defendant by registered mail in 1938 and 1940. Each was receipted for by an employee in defendant's household. Defendant did not at any time file a sworn statement of personal property owned by him or in his possession. Defendant testified that he knew he was being assessed for personal property taxes upon the household furniture, but did not register any complaint concerning the assessment to the board of assessors, the board of review of the common council or the State board of taxation.

The cause came on for trial and at the close of all proofs, both plaintiffs and defendant made a motion for a directed verdict. The jury was discharged and the question of fact relating to the mailing of blank forms for sworn statements and the legal questions were submitted to the court for decision. The trial court found as a fact that the blank forms were mailed to defendant; that inasmuch as defendant and the personal property were located within the territorial jurisdiction of the taxing officers and the personal property was in the possession of the defendant, it need not be shown that the party assessed was the owner of the property; and that defendant failed to exhaust his remedy before any of the boards of review to correct an unjust assessment. Following the decision, a judgment of $505.78 was entered against defendant.

Defendant appeals and urges that the tax assessments sued upon were invalid because the charter

provision of the city of Detroit requires persons upon demand to file a statement under oath as to his personal property with the board of assessors, and relies upon *Turner* v. *Muskegon Circuit Judge,* 95 Mich. 1, in support of the mandatory provision in the charter.

The provision of the Detroit charter in question is title 6, chap. 2, § 3, which reads as follows:

"The board of assessors shall have, as herein provided, power and authority to demand of every person owning or having charge as agent, or otherwise, of any taxable property, a list of such property, with such description as will enable the board to assess the same, which demand may be made in writing, and by delivering it to such person, or by leaving it at his place of residence, with some person of proper years and discretion, and if the person of whom such demand is made, shall not, within ten days thereafter, deliver to such board a list of the property in said district belonging to him or her, or under his or her charge, with a correct description of the same, or if he or she shall omit any such property in the list delivered, said board shall have power, and it shall be its duty, to assess such property, upon such knowledge or information as may be satisfactory to it, at cash value, and according to its best judgment and discretion."

In the *Turner Case,* relied upon by defendant, we held the requirement of section 12 of Act No. 200, Laws of 1891, mandatory. It should be noted that section 12 reads in part:

"It shall be the duty of each supervisor or assessing officer, as soon as possible after entering upon the duties of his office, to ascertain the taxable property of his assessing district, and the persons to whom it should be assessed, and their residences. For this purpose he shall require every person of

full age and sound mind to make and subscribe to a true and correct written statement, under oath, administered by such supervisor or assessing officer, of all taxable property of such person, firm, or corporation, whether owned by him or it, or held for the use of another; and it shall be the duty of every such person, firm, or corporation, to make such statement, under the following form of oath, duly administered by the supervisor or assessing officer.''

In the *Turner Case,* the act reads, ''It shall be the duty of each supervisor,'' while in the Detroit charter it is provided, ''The board of assessors shall have * * * the power and authority to demand.'' In our opinion the *Turner Case* provides no criterion for construing the Detroit charter. The proper construction of the Detroit charter is to give the board of assessors a discretionary power to demand of every person a list of taxable property. It follows that under the charter provision the notice or demand to file a list of property is not a condition precedent to the validity of ad valorem assessments. In view of the fact that we find the charter provision directory and not mandatory, it follows that a demand need not be proven.

Plaintiffs urge that household furniture is properly assessed for personal property taxes to the husband although title to the same has been transferred to his wife.

Title 6, chap. 4, § 1, of the charter of the city of Detroit, provides, in part, as follows:

''The owners or persons in possession of any personal property shall pay all taxes assessed thereon.''

In the case of *Detroit Shipbuilding Co.* v. *City of Detroit,* 228 Mich. 145, we held that personal property owned by a foreign corporation, but in the possession of a Detroit firm, was taxable to the Detroit firm. We there said:

"The fact appeared to be undisputed that the American Shipbuilding Company (foreign corporation) sent to plaintiff (Detroit corporation) the raw materials upon which plaintiff had bestowed some labor, and it further appeared that plaintiff was in possession of said property, and that it was situate in the city of Detroit. We think, under this showing, it was fair for the assessors to assume that the American Shipbuilding Company had the legal title to the personal property in question. This being true, the assessment was properly made against plaintiff, because it is conceded that it had possession of the property."

The only remaining question is whether defendant was in possession of the personal property. In *People* v. *Burbank,* 234 Mich. 600, we said: "A man, living in his home with his wife and family, is in possession of the things contained therein." In the case at bar defendant as husband of the owner of the personal property was in possession of the same and is liable for the personal property tax assessed against said property.

In view of our decision, other questions raised do not require decision. The judgment of the trial court is affirmed, with costs to plaintiffs.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, NORTH, and STARR, JJ., concurred.