GENERAL MOTORS CORPORATION *v.* CITY OF DETROIT.

SAME *v.* COUNTY OF WAYNE.

1. TAXATION—PERSONAL PROPERTY—CONSTITUTIONAL LAW.

The Constitution of 1908 provided for the taxation of personal property by the imposition of a tax on such property (Const 1908, art 10, § 3).

2. SAME—CITY CHARTER.

A city charter may not confer taxing powers beyond those authorized by Constitution and statute.

3. SAME—PERSONAL PROPERTY—POSSESSORY INTEREST.

A tax made payable by the person in possession of personal property is a tax on the whole interest in the personal property, as distinguished from a tax on possessory or other limited interests in personal property separate and distinct from the property itself.

4. SAME—POSSESSORY INTEREST IN PERSONAL PROPERTY.

A tax on a possessory interest in personal property was invalid under statutory authorization of only an ad valorem tax on the personal property itself without providing for taxation of possessory interests (CL 1948, § 211.1 *et seq.*, as last amended by PA.1958, No 209).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 51 Am Jur, Taxation § 419.
[2] 51 Am Jur, Taxation § 132.
[5, 6] 51 Am Jur, Taxation § 218 *et seq.*
[7] 41 Am Jur, Pleading §§ 340-343.
[8] 14 Am Jur, Costs § 91.

.5. SAME—PERSONAL PROPERTY OF UNITED STATES.

The personal property of the United States is immune from an ad valorem tax.

6. SAME—PERSONAL PROPERTY OF UNITED STATES—POSSESSION OF CORPORATION—POSSESSORY INTEREST.

The personal property of the United States in the possession of plaintiff corporation, consisting of machinery and equipment located in the corporation's plants and used by it in making goods for the United States under contracts between them was not subject to an ad valorem tax by city and county, where neither the Constitution nor statute authorized the imposition of such a tax on a possessory interest in personal property (CL 1948, § 211.1 *et seq.,* as last amended by PA 1958, No 209).

7. JUDGMENT—SUMMARY JUDGMENT.

The granting of a motion for summary judgment for plaintiff was proper, where, notwithstanding the existence of disputes of fact, the resolution of all of them in favor of defendants would not avail to preclude a verdict for plaintiff (Court Rule No 30 [1945]).

8. COSTS—PUBLIC QUESTION—TAXATION OF PROPERTY OF THE UNITED STATES IN POSSESSION OF CORPORATION.

No costs are allowed in action by taxpayer to recover ad valorem taxes paid under protest on personal property in its possession but owned by the United States, a public question being involved (CL 1948, § 211.1 *et seq.,* as last amended by PA 1958, No 209).

Appeal from Wayne; Moynihan, Jr. (Joseph A.), J. Submitted December 5, 1963. (Calendar Nos. 121, 122, Docket Nos. 50,260, 50,261.) Decided February 3, 1964. Certiorari denied by the supreme court of the United States June 15, 1964.

Action by General Motors Corporation, a Delaware corporation, against the City of Detroit, a municipal corporation, and its treasurer, to recover sums paid under protest for tax assessed against it as user of personal property belonging to the Federal government. Similar action against the County of Wayne

and its treasurer. Causes consolidated in circuit court and on appeal. Summary judgments for plaintiff. Defendants appeal. Affirmed.

*Dickinson, Wright, McKean & Cudlip* (*Patrick J. Ledwidge, Aloysius F. Power* and *Donald K. Barnes,* of counsel), for plaintiff.

*Robert Reese,* Corporation Counsel, *John H. Witherspoon, Julius C. Pliskow,* and *Robert D. McClear,* Assistant Corporation Counsel, for defendants City of Detroit and its treasurer.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy* and *William F. Koney,* Assistant Prosecuting Attorneys, for defendants County of Wayne and its treasurer.

*Amicus Curiae:*

*Miller, Canfield, Paddock & Stone* (*Frederic B. Besimer, George E. Bushnell, Jr.,* and *Richard A. Jones,* of counsel), for the Board of Education of the School District of the City of Detroit.

DETHMERS, J. Plaintiff sued to recover 1959 personal property taxes paid defendants under protest. From summary judgments against them, defendants appeal.

The personal property involved consisted of machinery and equipment owned by the United States, located in plaintiff's plants in Detroit and used by it, as a defense contractor, in making goods for the United States under contracts between them.

The trial court's decision was planted on our holding in *Continental Motors Corporation* v. *Township*

*of Muskegon,* 365 Mich 191, that prior to the amendment contained in PA 1959, No 266[1] (not applicable to 1959 taxes), Michigan's general property tax act[2] did not authorize taxation of possessory interests held by individuals in personal property owned by the United States.

Defendants stress what they term distinctions on the facts between this case and *Continental.* These may be pertinent to other objections raised by plaintiff to the tax. They are not so as to the controlling point in *Continental,* also raised by plaintiff here, that no statutory (here also charter) authority existed for collection of the 1959 tax in question.

Defendants' discussions of where the legal incidence, as distinguished from economic burden, of the tax falls, and whether it represents an assessment *in personam* or *in rem,* while of possible value in a consideration of the question of implied constitutional immunity from State taxation of the Federal government, its agencies and property, are not decisive of the applicability of *Continental.* Michigan Constitution 1908, art 10, § 3, provides for a personal property tax to "be levied on such property" and that it shall be "taxation for such property" and "taxation on such property." The mentioned general property tax act[3] implements this by providing "that all property, real and personal * * * shall be subject to taxation." In *Continental* this Court said (p 199) that our law authorized an ad valorem tax "on the personal property itself." The city

[1] This amendment provides: "personal property not otherwise taxed under this act which is in the possession of any person, firm or corporation using same in connection with a business conducted for profit shall be deemed the property of such person for taxation and assessed to him accordingly." CL 1948, § 211.14, as amended (Stat Ann 1960 Rev § 7.14).

[2] CL 1948, § 211.1 *et seq.* as then last amended by PA 1958, No 209 (Stat Ann 1957 Cum Supp § 7.1 *et seq.,* as so amended).

[3] See CL 1948, § 211.1 (Stat Ann § 7.1).—Reporter. .

charter of Detroit, title 6, ch 2, § 1,[4] provides for "taxes upon personal property." The charter does not and could not confer taxing powers beyond those authorized by Constitution and statute. Clearly, the tax is on the property.

Defendants say *Continental* is not controlling because there are distinctions between the governing law involved here and in *Continental*. These are said to consist of the following, namely, (1) that this assessment is made under a Detroit charter provision that "persons in possession of any personal property shall pay all taxes assessed thereon,"[5] while the assessment made by a township in *Continental* was made under the State's general property tax law which did not contain a comparable provision, and (2) that the tax here is not, as was considered in *Continental*, a tax on possessory or other limited interests in personal property separate and distinct from the property itself, but is actually a tax on the whole interest in the personal property, made, by ordinance, payable by the person in possession.

The holding in *Continental* may not thus be escaped. This Court held therein (p 199) that as of 1959 "our law authorized only an ad valorem tax on the personal property itself without providing for taxation of possessory interests". If the tax is on a possessory interest, it is invalid under *Continental*.

On the other hand, if, as defendants urge, the tax is on the entire interest in the personal property, it is a tax on personal property of the United States, which is immune therefrom. See *City of Detroit* v. *Murray Corporation of America*, 355 US 489 (78

---

4 City of Detroit, Municipal Code, 1954, charter section, p 170.— REPORTER.

5 Title 6, ch 4, § 1, p 180.

S Ct 458 and 486; 2 L ed 2d 441 and 460), and cases therein cited beginning with *McCulloch* v. *Maryland,* 17 US (4 Wheat) 316, 376 (4 L ed 579), and including such as *United States* v. *Allegheny County,* 322 US 174 (64 S Ct 908, 88 L ed 1209).

Either way the tax was improperly assessed. Cases such as *Detroit Shipbuilding Co.* v. *City of Detroit,* 228 Mich 145, and *City of Detroit* v. *Gray,* 314 Mich 516, interpreting the charter provision here pressed by defendants, are of no help to them because those cases involved personal property owned by one person and in the possession of another, not, as here, property of the United States immune from taxation.

As noted in *Continental,* the 1959 statutory amendment, applicable to 1961 and subsequent taxes, provides, with respect to facts like those in the instant case, that the property shall be deemed to be the property of the user (here the plaintiff) for taxation. Under *City of Detroit* v. *Murray Corporation, supra,* the imposition of the tax thereunder would encounter no Federal constitutional barrier because the Court said that it would amount to a tax on the user's possessory interest, not on United States property. Detroit's charter provision does not, in terms, undertake to tax the user's possessory interest, as does the 1959 statutory amendment, but, instead, imposes the tax on the property and makes it chargeable against the possessor.

Defendants say this case should not have been decided on a motion for summary judgment because the pleadings and their affidavit of merits gave rise to issues of fact. However, despite the existence of disputes of fact, when resolving all of them in favor of defendants would not avail to preclude a verdict for plaintiff, then plaintiff's motion for summary judgment, under Court Rule No. 30 (1945), then in

effect, should be granted. *Whittenberg* v. *Carnegie,* 328 Mich .125.

Affirmed. No costs, a public question being involved.

KAVANAGH, C. J., and KELLY, BLACK, and O'HARA, JJ., concurred.

SOURIS and SMITH, JJ., did not sit.

ADAMS, J., took no part in the decision of this case.