## EDWARDS v. TOWNSHIP OF MONTROSE

1. Motions—Summary Judgment—Purpose.

The purpose of a motion for summary judgment is to determine whether the facts essential to a rendition of a judgment on a claim are undisputed (GCR 1963, 117.2[3]).

2. Judgment—Summary Judgment—Trial.

A question can be disposed of by summary judgment without the necessity of a trial on the merits if the facts essential to a rendition of a judgment on a claim are undisputed (GCR 1963, 117.2[3]).

3. Judgment—Summary Judgment—Disputed Facts.

Summary judgment may be granted, even when some factual disputes are present, if the resolution of these facts in favor of the party opposing the motion does not alter the controlling legal question (GCR 1963, 117.2[3]).

4. Constitutional Law—Zoning—Ordinance—Property.

The controlling legal principle in a zoning matter is that for an ordinance restricting an owner's use of his property to be valid it must bear a real and substantial relationship to the public health, safety, morals or general welfare.

5. Zoning—Property—Trailer Parks—Undeveloped Areas.

Prohibiting trailer parks from undeveloped areas is unreasonable; therefore a zoning ordinance which bars trailer parks from undeveloped areas is unconstitutional.

---

. References for Points in Headnotes

[1, 2, 3, 6] 41 Am Jur, Pleadings §§ 340-343.
[4] 58 Am Jur, Zoning § 26.
[5] 58 Am Jur, Zoning § 63.
  Maintenance or regulation by public authorities of tourist or trailer camps, motor courts, or motels.  22 ALR2d 774.

6. ZONING—CONSTITUTIONAL LAW—SUMMARY JUDGMENT.

Summary judgment for land owners which declared unconstitu-
tional a township zoning ordinance prohibiting the develop-
ment of a mobile home park on plaintiffs' property was proper,
where the township failed to show some facts from which a
relationship between the zoning of plaintiffs' property and
the proper exercise of police power could be inferred (GCR
1963, 117.2[3]).

Appeal from Genesee, Stewart A. Newblatt, J.
Submitted Division 2 April 14, 1969, at Lansing.
(Docket No. 6,229.) Decided July 31, 1969.

Complaint by Stanley T. Edwards, Edward P.
Reynolds and Robert A. Steadman against the
Township of Montrose to have a zoning ordinance
declared unconstitutional as applied to their prop-
erty. Summary judgment for plaintiffs. Defend-
ant appeals. Affirmed.

*Milliken & Magee,* for plaintiffs.

*Neithercut & Neithercut (Lyndon J. Lattie,* of
counsel), for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and
DANHOF, JJ.

R. B. BURNS, J. Defendant's zoning board, after
a public hearing, approved plaintiffs' petition to
change the zoning of plaintiffs' property to permit
its development as a mobile home park, and adopted
an amendment to the zoning code changing the zon-
ing of the property from residential suburban agri-
cultural (RSA) to residential urban (RU–3). The
zoning change was also approved by the Genesee
county coordinating committee, but in a referendum
the majority of electors of the township disapproved

of the change and repealed the amendment. Suit
was then filed by plaintiffs to have the zoning ordi-
nance declared unconstitutional as applied to their
property.

Plaintiffs moved under GCR 1963, 117.2(3), for
summary judgment on the theory that the admis-
sions contained in the pleadings, the undisputed
facts in the affidavits, the stipulated exhibits, and
the actual view of the premises taken as part of the
record by the trial court, required disposal of the
action in their favor. It was plaintiffs' further
position that any facts in dispute, even if resolved
in favor of defendant, were not material to, nor in
conflict with, plaintiffs' claim. The trial court grant-
ed the motion but allowed defendant time to file
further affidavits to etablish that the ordinance as
applied to plaintiffs' property had some relationship
to the public health, safety, morals, or general wel-
fare, or to establish some factual issues upon which
such a relationship could be inferred. After re-
ceiving further affidavits the trial court concluded
the motion must be granted and denied rehearing.

Defendant appeals, arguing that there were ma-
terial issues of fact in dispute and a summary judg-
ment could not as a matter of law be granted. The
undisputed facts were:

1. For the past 25 years the land has been used
for grazing purposes and is not suitable for general
crop farming but may be suitable for specialized
farming.

2. Immediately adjacent on the north is a commer-
cial gravel pit using heavy machinery and causing
noise and dust during spring, summer and fall.

3. Adjacent on the east across the Flint river in
full view of the property, Genesee county is engaged
in building a sewage treatment facility.

4. Adjacent on the west and south is a commercial
orchard.

5. The land is not suitable as a commercial orchard as it is not on a highway so as to generate the sale of products.

6. The surrounding land is vacant and unused for farming and/or building purposes except along the river flats.

7. Limited access prevents F.H.A. and other governmental insured loans for housing construction and the financing of completed homes from being available.

8. The value of the property as a single home site is $10,000 to $15,000, whereas the value as a mobile home park would be $90,000.

9. The township has plenty of land available for housing.

10. The zoning ordinance did not provide land for new trailer parks.

The purpose of a motion for summary judgment is to determine whether the facts essential to a rendition of a judgment on the claim are undisputed. If so, the question can be disposed of without the necessity of a trial on the merits. Even when some factual disputes are present, summary judgment may be granted if the resolution of these facts in favor of the party opposing the motion does not alter the controlling legal question. *General Motors Corporation* v. *City of Detroit,* (1964), 372 Mich 234. As stated in *Davis* v. *Kramer Bros. Freight Lines, Inc.* (1964), 373 Mich 594, 597, "The question, however, is whether those fact issues were material to the controlling legal principle and to the ground upon which summary judgment was granted."

The controlling legal principle in zoning matters is that for an ordinance restricting an owner's use of his property to be valid it must bear a real and substantial relationship to the public health, safety, morals or general welfare. The trial court granted

the motion on the basis that the undisputed facts showed the absence of such a relationship, and said:

"It is sufficient to say that this property is undeveloped and surrounded by undeveloped property in a sparsely populated township with a gravel pit operation to the north of the subject property and a commercial orchard to the southwest and south. There are no residences adjacent to the property and only isolated ones at some distance."

There is a clear line of cases in Michigan that have held that prohibiting trailer parks from undeveloped areas is unreasonable. See *Gust* v. *Township of Canton* (1955) 342 Mich 436; *Smith* v. *Plymouth Township Building Inspector* (1956), 346 Mich 57; *Clark* v. *Lyon Township Clerk* (1957), 348 Mich 173. As Justice Black said in *Clark, supra:*

"[I]t is evident from the present nature and characteristics of Lyon township and particularly the area of farmland surrounding plaintiffs' tract that the defensively pleaded ordinance does not validly restrict use of said tract to 'farming, agricultural, and/or residential purposes.' The facts to which we have alluded overcome the presumption of validity of presently attempted ordinance application *and we are referred to no fact or circumstance on which it may be said that public health, safety, morals, or general welfare in the mentioned area will be affected, adversely or otherwise."* (Emphasis supplied.)

Defendant claims basically that the questions of whether residences could be built on the property and whether other land was available for trailer park use in the township were material fact issues that should have prevented the granting of the motion for summary judgment. But even resolving such factual issues in defendant's favor would not preclude a judgment in plaintiffs' favor. On the

admitted facts the posture of this case fits the following statement:

"An ordinance which prohibits such use of land which is classified for residential use but is in fact farmland so situated that mobile homes cannot adversely affect anyone is unreasonable and arbitrary" 2 Anderson, American Law of Zoning, § 11.52 at p 374.

It was incumbent upon defendant to at least show some facts from which a relationship between the zoning of the property and the proper exercise of police power could be inferred. Defendant failed to show such facts. Compare *June* v. *City of Lincoln Park* (1960), 361 Mich 95. In addition, the trial court's personal observation of the property in question was made a part of the record and its conclusions upon such observation are highly valued.

The motion was properly granted.

Affirmed. Costs to plaintiffs.

All concurred.