PEDERSON *v.* TOWNSHIP OF HARRISON

OPINION OF THE COURT

1. ZONING—ORDINANCES—POLICE POWER.

Zoning ordinances, when reasonable in their provisions and application, are a valid exercise of the police power.

2. ZONING—LEGALITY—TEST.

Reasonableness is the test of the legality of a zoning ordinance.

3. ZONING—ORDINANCES—CHALLENGES—BURDEN OF PROOF.

Zoning cases must be determined on the basis of their own facts and circumstances, and the burden of proof rests on the party challenging the ordinance.

4. ZONING—ORDINANCES—VALIDITY—PUBLIC WELFARE.

An ordinance restricting an owner's use of his property must bear a real and substantial relationship to the public health, safety, morals or general welfare, in order for that ordinance to be valid.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Zoning §§ 21, 22.
[3, 10] 58 Am Jur, Zoning §§ 74, 223, 256.
[4] 58 Am Jur, Zoning § 140.
[5] 58 Am Jur, Zoning §§ 28, 140.
[6] 58 Am Jur, Zoning § 140.
[7–9] 58 Am Jur, Zoning § 141.
[11] 58 Am Jur, Zoning §§ 21, 256.
[12] 58 Am Jur, Zoning §§ 26, 214, 229 *et seq.*
[13, 14] 58 Am Jur, Zoning §§ 21, 22.

5. Zoning—Rezoning—Value Differential—Element · Confisca-
tion.

A difference in value of property under an existing zoning ordi-
nance and what its increased value would be if that property
were rezoned does not alone prove that the existing ordinance
is confiscatory, but that value differential is an element which
a court must consider in determining whether that existing
zoning ordinance amounts to confiscation of property.

6. Zoning—Ordinance—Worthlessness of Property—Legality.

A zoning ordinance which renders property almost worthless is
unreasonable and confiscatory and hence illegal.

7. Zoning—Rezoning—Value Differential—Marketability—In-
dicia of Confiscation.

A possible difference in value of plaintiffs' property under a
single-family zoning ordinance and what it would be worth
if rezoned for multiple dwellings and their demonstrated in-
ability to sell their land because of its unusual shape which
seriously restricted, if not prohibited, its use for single-family
dwellings as zoned, constituted indicia of confiscatory hardship.

8. Zoning—Reasonable Use—Marketability—Confiscation.

Lack of marketability of property amounts to confiscation where
that property cannot be reasonably used as presently zoned.

9. Zoning—Evidence—Confiscation—Question of Fact.

Unreasonable or confiscatory taking of property is a question
of fact which can be proved like any other fact.

10. Zoning—Evidence—Confiscation—Proof—Quantum.

One claiming confiscation of his property, as presently zoned, need
not prove that fact beyond dispute.

11. Zoning—Rezoning—Refusal—Reasonableness—Public Wel-
fare—Proof.

Refusal of defendant township to rezone plaintiffs' property from
single to multiple dwellings was not reasonable where defend-
ant applied its general zoning plan in an unreasonable, arbi-
trary, and confiscatory manner and failed to prove that the
anticipatory problems of snow removal, law enforcement, fire
protection, and of sewers, were insuperable.

Dissenting Opinion
Quinn, P. J.

12. Zoning — Ordinances — Legality — Test — Reasonableness
— Courts — Super Zoning — Commissions.
Continued use of reasonableness for testing the legality of a zon-
ing ordinance and for resolving zoning litigation problems
eventually will result in courts becoming super-zoning commis-
sions which courts are not.

13. Zoning — Ordinances — Legality — Test — Reasonableness
— Simplistic Approach.
Reasonableness for testing the legality of a zoning ordinance is
a too simplistic approach to the resolution of zoning litigation
problems because a case for unreasonableness can be made al-
most any situation.

14. Zoning—Ordinances—Single-Family Use—Reasonableness—
Debatable Question.
A debatable question existed regarding the reasonableness of a
zoning ordinance restricting use of plaintiffs' property to single-
family residences where plaintiffs' area was predominantly
single family in character with plaintiffs' property being suit-
able for either single family or multiple dwelling; single-family
zoning did not decrease the value of plaintiffs' property al-
though rezoning to multiple dwelling would increase its value;
the character of building and of population development in
plaintiffs' area was residential, both single family and mul-
tiple dwelling; plaintiffs failed to show that there was a
lack of marketability for their property zoned for single-
family residences or that their property would become dead
land if it were not rezoned for multiple dwelling; consequently,
the existence of these findings precluded a conclusion that
plaintiffs had proved the challenged zoning ordinance to be
either unreasonable or confiscatory as applied to their property
or that defendant's refusal to rezone their property was arbi-
trary or capricious.

Appeal from Macomb, Frank E. Jeannette, J.
Submitted Division 2 October 9, 1969, at Lansing.
(Docket No. 6,459.)   Decided February 5, 1970.
Leave to appeal denied April 23, 1970.   383 Mich 777.

Complaint by Leonie E. Pederson, Helen M. Peder-
son and Stanley Gronick against the Township of

Harrison, a municipal corporation, for a declaration that defendant's zoning ordinance is unconstitutional and for an injunction restraining defendant from enforcing that ordinance. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Sanborn & Liedel,* for plaintiffs.

*Ross & Bruff,* for defendant.

Before: QUINN, P. J., and BRONSON and T. M. BURNS, JJ.

T. M. BURNS, J. Plaintiffs Leonie Pederson and Helen Pederson are the owners of approximately 18 acres of land situated on the west side of Jefferson Avenue in the Township of Harrison, a municipal corporation. Plaintiff Gronick, a real estate developer, holds a tentative purchase agreement on the Pedersons' land, which agreement was made contingent upon a resolution of this litigation in plaintiffs' favor. The property at issue is zoned "one-family residential". Plaintiffs sought to have the property rezoned "multiple-family residential". Although the zoning of land adjacent to plaintiffs' on the north had been recently changed to "multiple dwelling", the township denied the application. Plaintiffs, by their complaint, allege that it is neither practical nor feasible to use the land for single-family residences as presently zoned, but that the land in question is ideally suited for multiple-family residential purposes. The Pedersons allege that they have been unable to sell this land because of the present zoning restriction; that although other land in the vicinity has been recently rezoned to allow multiple-family dwellings, the defendant refuses to allow them equal treatment; and that the value

of the land is now $1,000 per acre, but if rezoned the value per acre would increase to $6,500. Plaintiffs contend that the zoning ordinance as it is being applied to them is unreasonable, confiscatory, inequitable, arbitrary, without just cause, and contrary to their rights.

By answer, defendant township asserts that its planning commission denied the rezoning application because the entrance to the proposed multiple-dwelling project did not follow good planning procedure;[1] because of envisioned difficulties of ingress and egress to the project, on both public and private roads; and because of speculated inadequacies of sewers, snow removal, law enforcement, and fire protection.

The board considered single-residence zoning better suited to the area. The board felt that the project did not comply strictly with the present township master plan and that there was already an over-abundance of high-density structures in the township.[2]

The trial court found that:

"The single-family zoning in this instance is arbitrary and capricious and not consistent with the reasonable use of the land. The zoning as to this parcel is deemed arbitrary and confiscatory, and the defendants should be enjoined from interfering with plaintiffs' proposed uses."

From this injunction, defendant appeals.[3]

---

[1] At the planning commission's suggestion plaintiff Gronick has purchased land immediately adjacent to the parcel in question and so revised his plans to allow for a boulevard-type entrance to his proposed project.

[2] The board was in the process of reviewing the master plan and felt that it would be able to better assess the situation in two years when that plan was completed.

[3] Although chancery cases are heard *de novo*, considerable weight is given to findings of fact made by the trial judge. *Biske* v. *City of Troy* (1969), 381 Mich 611; *House* v. *City of Bloomfield Hills* (1969), 18 Mich App 184. See, also, 2 Honigman & Hawkins, Mich Court Rules Annotated (2d ed), authors' comments, pp 595–597.

Zoning ordinances, when reasonable in their provisions and application, are a valid exercise of the police power. *Bowman* v. *City of Southfield* (1966), 377 Mich 237, 245; *Austin* v. *Older* (1938), 283 Mich 667. Reasonableness is the test of their legality. *Hitchman* v. *Township of Oakland* (1951), 329 Mich 331; *Sisters of Bon Secours Hospital* v. *City of Grosse Pointe* (1967), 8 Mich App 342, 355. Zoning cases such as this must be determined on the basis of their own facts and circumstances, *Senefsky* v. *City of Huntington Woods* (1943), 307 Mich 728; *Biske* v. *City of Troy* (1969), 381 Mich 611, with the burden of proof resting with the party challenging the ordinance. *Northwood Properties Company* v. *Royal Oak City Inspector* (1949), 325 Mich 419; *Township of Farmington* v. *Scott* (1965), 374 Mich 536. However, zoning ordinances are not sacrosanct, and plaintiffs, here, present much more than a debatable question. See *Brae Burn, Inc.,* v. *City of Bloomfield Hills* (1957), 350 Mich 425, 432; compare *Krause* v. *City of Royal Oak* (1968), 11 Mich App 183. The evidence introduced by the plaintiffs in the instant case is more than sufficient to rebut the presumption of validity.

"The controlling legal principle in zoning matters is that for an ordinance restricting an owner's use of his property to be valid it must bear *a real and substantial* relationship to the public health, safety, morals or general welfare." *Edwards* v. *Township of Montrose* (1969), 18 Mich App 569, 572. (Emphasis added.) The trial judge found no reasonable basis for defendant's refusal to rezone plaintiffs' property from single to multiple dwelling. The trier of fact found that defendant had not proven the requisite relationship in the present case. In *Gust* v. *Township of Canton* (1955), 342 Mich 436, 442, it was stated:

"If the action of a township board in zoning property in a manner which would otherwise be arbitrary and unreasonable under present conditions is rendered valid by the fact that the board anticipates that in the future conditions will develop under which such zoning would not be arbitrary and unreasonable and believes that it will be conducive thereto, then the only limit on the board's powers in that regard would seem to be the measure of its expectations and beliefs. The extent of the owner's right to the free use of his property in the manner deemed best by him is not to be determined by such speculative standards. The test of validity is not whether the prohibition may at some time in the future bear a real and substantial relationship to the public health, safety, morals or general welfare, but whether it does so now."

See, also, *Biske* v. *City of Troy, supra,* and *House* v. *City of Bloomfield Hills* (1969), 18 Mich App 184. Defendant township has already deviated from its present master plan by zoning the land north of the proposed project suitable for multiple residences. Plaintiffs offered evidence that multiple dwellings would be suitable and practical for the land in question.

The trial court determined from the evidence that the ordinance as it applied to the Pedersons' property was confiscatory. Although difference in value alone does not prove confiscation, *Muffeny* v. *City of Southfield* (1967), 6 Mich App 19, 23, 24, it is an element which must be considered by the court in determining whether in fact there is what amounts to a confiscation. *Smith* v. *Village of Wood Creek Farms* (1963), 371 Mich 127; *Krause* v. *City of Royal Oak, supra.* (See *City of North Muskegon* v. *Miller* [1929], 249 Mich 52, where the Court held that a zoning ordinance which renders property almost worthless is unreasonable and confiscatory, hence,

illegal.)  The trial judge found that the possible difference in value ($6,500—multiple dwelling versus $1,000 per acre as zoned) as proven was an indicium of confiscatory hardship.

Plaintiffs introduced evidence at trial which indicated that they had tried to sell the land but were unable to do so because of the unusual shape of the parcel, which in light of the zoning restriction, seriously restricted, if not prohibited, its use for single-family dwellings.  Such lack of marketability amounts to confiscation, as the property cannot be reasonably used as presently zoned.

A debatable question cannot be established where the question presented is whether the zoning is unreasonable because it is confiscatory, for as was said in *Alderton* v. *City of Saginaw* (1962), 367 Mich 28, 33:

"The debatable question rule as presented in *Brae Burn, Inc.,* v. *City of Bloomfield Hills* (1957), 350 Mich 425, does not mean such question exists merely because there is a difference of opinion between the zoning authority and the property owner in regard to the validity of the ordinance.  If this were the case, no ordinance could ever be successfully attacked."

The question of unreasonable or confiscatory taking is one of fact which can be proved before the trial court like any other fact.  It is not necessary for one claiming confiscation to prove the fact beyond dispute.

The trial court found that under the particular set of facts and circumstances presented, defendant, by denying plaintiffs' requested rezoning, has applied its general plan of zoning in an unreasonable, arbitrary, and confiscatory manner.

Having examined the entire record, I find myself in agreement with the trial court's conclusions.

The snow removal, law enforcement, fire protection and sewer problems, averred to by the defendant, are anticipatory; and there is no proof that these problems would prove insuperable. None of the other issues sought to be presented by defendant merits discussion.

Affirmed. Costs to plaintiffs.

Bronson, J., concurred.

Quinn, P. J. (dissenting). The majority opinion fails to state certain facts which I believe are pertinent to decision. The Pederson property lies between Jefferson Avenue on the east and the I-94 expressway on the west. It is approximately 365 feet wide north and south and approximately 3,000 feet deep east and west. Pedersons and four others have single-family residences on the east end of the property. One lot south of the Pederson property is a development known as Jefferson Villa which contains 250 single-family residences. There is evidence in the record to sustain a finding that it is practical and feasible to use the Pederson property for single-family residences. The record does not demonstrate that there is a lack of market for such property, only that the land value is greater if the land is zoned multiple dwelling. The proof that Pedersons were unable to sell the land as presently zoned, in my view, is weak and inconclusive.

I write in dissent not because the authorities cited in the majority opinion fail to support the basic premise of that opinion, namely: reasonableness is the test of the legality of the ordinance involved. The authorities cited do support that premise and more could be cited to support it. I write in dissent because I believe the approach is too simplistic and its continued use as the solution to zoning litigation

will constitute the courts "super zoning commissions", which courts are not. *Brae Burn, Inc., v. City of Broomfield Hills* (1957), 350 Mich 425; *Spanich v. City of Livonia* (1959), 355 Mich 252. The present case is apt illustration of the fact that a case for unreasonableness can be made in most any situation.

In *Lamb v. City of Monroe* (1959), 358 Mich 136, a unanimous Supreme Court adopted the following language from *Brae Burn, supra:*

"[I]t is not the function of this Court, or of any court, to approve or disapprove zoning ordinances as to wisdom or desirability. An appeal lies, it is true, from the legislative determination, but it is to the ballot box, not to the courts. If the legislative body has authority to act in the premises, and the requirements of administrative due process have been observed with respect to the adoption, interpretation, and administration of the ordinance, we will not disturb the legislative judgment or the executive action. In other words, if there is a debatable question that debate is not for us. But if there is whimsical action, or an arbitrary *ipse dixit,* a legislative judgment has not, in the legal sense, been exercised at all, and we will protect against the arbitrary action."

In *Alderton v. City of Saginaw* (1962), 367 Mich 28, a unanimous Supreme Court delineated the factors to be considered in determining whether a debatable question exists, as follows:

"[C]haracter of the district, its peculiar suitability for particular uses, the conservation of property values and the general trend in character of building and population development; unsuitability for residential purposes; lack of market for such purpose, and whether the land will become 'dead land' or nonincome-producing land without residential value." (Citations omitted.)

Applying these factors to the case at bar, I find that the predominant character of the district is single-family residence, the Pederson property is suitable for either single-family residence or multiple dwelling. I further find that present zoning does not decrease the land value but rezoning to multiple dwelling will increase that value. I find that the character of building and population development in the area is residential, both single family and multiple dwelling. I further find that there is no showing of lack of market for single-residence purposes nor is there any showing that the land involved will become "dead land" if it is not rezoned.

In my view, these findings establish a debatable question and preclude a finding that plaintiffs have met their burden of proof in establishing that as applied to their property the present zoning is unreasonable. The record does not establish arbitrary or capricious action by the planning commission of defendant nor does the record establish that present zoning is confiscatory as applied to the Pederson property.

I would reverse and direct the trial court to enter judgment for defendant.