DUSDAL *v.* CITY OF WARREN

1. ZONING—ORDINANCES—REASONABLENESS—BURDEN OF PROOF.
The party attacking a zoning ordinance has the burden of proving affirmatively that the ordinance is unreasonable.

2. ZONING — ORDINANCES — MASTER PLAN — REASONABLENESS — EVIDENCE.
A master plan, adopted in compliance with statutory requirements by a responsible political body, is, of itself, evidence of reasonableness.

3. ZONING—ORDINANCES—VALUE.
Disparity in values is present in every zoning case but an ordinance is not invalidated because the value of certain property is depreciated provided that the financial loss is not so great as to amount to confiscation.

4. ZONING—LAND USE—CONFISCATION.
Residential zoning ordinance of defendant city was not shown to be confiscatory as applied to plaintiff's property where the testimony of plaintiff's expert witness, a real estate appraiser, did not support plaintiff's contention that industrial was the highest and best use for his property.

5. ZONING—ORDINANCES—EVIDENCE—BURDEN OF PROOF.
Refusal of trial court to invalidate defendant city's residential zoning ordinance was proper where trial court's findings that the area in which plaintiff's property was situated had been for many years, and would continue to be, residential, that industrial zoning would not be compatible with residential development and would have an adverse effect on it in that area, that plaintiff did not file a petition to have his prop-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  58 Am Jur, Zoning § 21 *et seq.*
[2]  58 Am Jur, Zoning § 27.
[4, 5]  58 Am Jur, Zoning § 139.

erty rezoned to industrial use, that the property surrounding plaintiff's land was residential, that nonconforming industrial uses, if any, had not been exercised and had been abandoned before plaintiff's action, and that plaintiff's expert testimony did not show that industrial zoning was the highest and best use for his property were not clearly erroneous.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 April 8, 1970, at Lansing. (Docket No. 7,390.) Decided April 30, 1970. Leave to appeal granted July 22, 1970. See 383 Mich 807.

Complaint by Otto Dusdal against the City of Warren, for a declaration that defendant's determination that plaintiff's use of his land is a nuisance is void, and for injunctive relief against defendant's zoning ordinance. Plaintiff appeals. Affirmed.

*L. Edwin Wenger*, for plaintiff.

*Emil E. Cardamone*, City Attorney, and *John J. Murray*, Assistant City Attorney, for defendant.

Before: McGREGOR, P. J., and DANHOF and LARNARD,* JJ.

PER CURIAM. Plaintiff is the owner of a parcel of land located on the west side of Hoover Street, between 10- and 11-Mile Roads in the city of Warren. The parcel is about one and one-half acres in size with 98 feet of frontage on Hoover Street. It is zoned residential.

Plaintiff contends on appeal that defendant's zoning ordinance is invalid because it is unreasonable and confiscatory as applied to plaintiff's property. In support of that position plaintiff argues that the master zoning plan of defendant which

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

designates most of the area on Hoover Street between 10- and 11-Mile Roads as residential has been destroyed because of the allowance of variances from that plan. Additionally, plaintiff asserts that the zoning ordinance is confiscatory because plaintiff's property would be worth substantially more if rezoned for industrial use.

The party attacking a zoning ordinance has the burden of proving affirmatively the unreasonableness of the ordinance. *Padover* v. *Township of Farmington* (1965), 374 Mich 622, 632, 640. A master plan adopted in compliance with statutory requirements by a responsible political body is of itself evidence of reasonableness. *Biske* v. *City of Troy* (1969), 381 Mich 611. Appellate courts do not sit as superzoning commissions. *Brae Burn, Inc.* v. *City of Bloomfield Hills* (1957), 350 Mich 425.

Disparity in values is present in every zoning case. An ordinance is not invalidated because the value of certain property is depreciated, provided the financial loss is not so great as to amount to confiscation. *Lamb* v. *City of Monroe* (1959), 358 Mich 136.

When reviewing the decision of a trial court sitting without a jury, this Court does not reverse unless the trial court's findings of fact were clearly erroneous, GCR 1963, 517.1, *People* v. *Hummel* (1969), 19 Mich App 266.

In his opinion the trial judge made the following findings relevant to the issue on appeal:

"The plaintiff did produce a real estate appraiser whose testimony, after careful consideration, does not support plaintiff's position that M-2 zoning is the highest and best use for the property involved herein.

"* * * The property has not been used for industrial purposes and such nonconforming use,

if any, over the years has not been exercised and has been abandoned several years before the action herein.   *   *   *

"The defendant and cross-plaintiff's [*sic*] proofs support a finding that the immediate area where plaintiff's property is located on Hoover between 10- and 11-Mile Roads has been for many years and will continue to be residential in nature. Studies are being made of plaintiff property as to how it could be used for residential purposes. One of the objectives of zoning is to stabilize value. Industrial zoning would not be compatible with residential development in this area. Zoning this land to industrial could have an adverse effect on development of single dwellings. Plaintiff has not filed a petition to have this land rezoned. The property north, west and south of the plaintiff property is substantially residential.   *   *   *

### Supplemental Opinion

"*   *   *   The testimony was to the effect that the property immediately to the east of Hoover is zoned residential and a public hearing is to be held before the planning commission to consider the application of the owners on the submitted preliminary plats, the use of the land being for single-family residential homes."

Those findings of fact were not clearly erroneous. We hold that plaintiff has not sustained his burden of proving affirmatively that the zoning ordinance is unreasonable.

Affirmed, costs to defendant.