ALBERT *v.* KALAMAZOO TOWNSHIP

1. ZONING—CONSTITUTIONAL LAW—PROPERTY VALUE.
   A zoning ordinance is not confiscatory merely because the land would be worth more if rezoned.

2. ZONING—CONSTITUTIONAL LAW—CONFISCATION.
   A zoning ordinance is confiscatory only when it prevents any reasonable use for the land or renders it worthless.

3. ZONING—ORDINANCES—PUBLIC PRESSURE—POLLING CITIZENS.
   A zoning ordinance is not based entirely on citizen opinion where the zoning board merely polled the citizens in attendance at the meeting as to their opinion by a show of hands before taking a vote on the ordinance.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted Division 3 October 5, 1971, at Marquette. (Docket No. 10055.) Decided November 24, 1971.

Complaint by Silas F. Albert and others against Kalamazoo Township to set aside a rezoning of plaintiffs' property. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Stapleton & Adams, P. C.* (by *Charles E. Ritter*), for plaintiffs.

*Bauckham, Reed & Lang,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  58 Am Jur, Zoning § 140.
[3]  58 Am Jur, Zoning § 218 *et seq.*

Before: Fitzgerald, P. J., and Bronson and T. M. Burns, JJ.

Per Curiam. This is a zoning case. Plaintiffs complain that the zone restrictions to one-family and private two-family dwellings are unreasonable. They propose multifamily construction and for this purpose need B-1 zoning.

In 1956 plaintiffs purchased 93 acres in Kalamazoo Township. The entire tract was zoned B residential. At that time 24 acres in the northern part of the tract were rezoned for a commercial shopping center. Contained in the remainder of the tract is an eight-acre parcel which is hilly and forested. The rest is clear and flat. Plaintiffs' original plans for the tract were 201 residential lots, including 16 on the eight-acre subject parcel.

Early in 1965, township authorities granted plaintiffs' application to rezone the eight acres to B-1 to permit multiple dwellings. Building permits were applied for and granted to erect two such units.

In December, 1965, a number of citizens objected. At a township board meeting, a show of hands by area residents was for changing the zoning back to B. Thereafter, the township board, by a 4-3 vote, defeated a motion to uphold the B-1 zoning and approved a motion, by a 6-1 vote, re-establishing B zoning. Plaintiffs' building permits were then revoked.

Plaintiffs sought a circuit court order to declare the zoning ordinance unconstitutional and to prohibit defendants from interfering with a townhouse development. The complaint was dismissed.

On appeal, plaintiffs raise three issues. First, they argue that the trial court erred in deciding that since the zoning was reasonable as to the entire tract, it was also reasonable as to the eight acres

even though it was confiscatory as to this parcel. Second, they argue that it was error to uphold the zoning after finding that it was a result of public pressure. Finally, they argue the court erred in allowing the rezoning because they could build high-rise apartments if the property remained B–1.

The trial court held:

"Plaintiffs' property can be used for B residential purposes. No confiscation is involved therefor. It may be regrettable from plaintiffs' viewpoint that they cannot utilize the eight acres for apartment or townhouse purposes and thereby realize a greater profit.

"For the foregoing reasons, plaintiffs' complaint is dismissed because in the opinion of this court the B residential zoning is not void and is not unconstitutional."

In reaching its decision the trial court treated the 93-acre tract as a unit which could be profitably developed. The court did admit that a B–1 zoning of the eight acres would result in greater profit to the plaintiffs but found that the parcel could be developed for residential use with the rest of the tract.

The zoning ordinance in question does not prevent plaintiffs from making reasonable use of their property or render it worthless. *Pederson* v. *Township of Harrison* (1970), 21 Mich App 535; *Reibel* v. *City of Birmingham* (1970), 23 Mich App 732. A zoning ordinance is not unconstitutional merely because the land would be worth more if rezoned. *Reibel* v. *City of Birmingham, supra; Parkdale Homes, Inc.* v. *Township of Clinton* (1970), 23 Mich App 682.

In his opinion, the trial judge commented that it seemed unfair to uphold a zoning change which was based chiefly on a citizen showing of hands and that the ordinance failed to distinguish between town-

houses and high-rise apartments. These were merely judicial comments. As to the former, this is not a case in which the zoning change was based entirely on citizen opinion, *Certain-teed Products Corporation v. Paris Township* (1958), 351 Mich 434. Under the circumstances we are not persuaded that the trial judge's findings were clearly erroneous. GCR 1963, 517.1.

Affirmed.