MR DON'S, INC, v BATTLE CREEK

1. ZONING—APPEAL AND ERROR.

An appellate court reviewing a zoning case will be guided by the principles that (1) each case is decided upon its own facts, (2) a zoning ordinance has a presumption of validity, (3) the trial judge's opinion will be given great weight, (4) the challenging party has the burden of proving that the ordinance is arbitrary and unreasonably related to public health, safety, and general welfare, and (5) review is *de novo*, but the decision of the trial judge will stand unless clearly erroneous.

2. ZONING—BUILDING PERMIT—RESIDENTIAL AREAS—RESTAURANTS.

A writ of mandamus compelling the issuance of a permit to build a restaurant on land zoned for multiple dwellings and not commercial use was properly denied where the evidence showed that the proposed restaurant hours would extend into the late evening, that there would be a substantial increase in traffic, that a good deal of artificial lighting would be required, and that there would be an increase in litter, noise, and odors from the operation of the restaurant, all of which would be detrimental to an existing apartment complex and the surrounding residential areas.

3. ZONING—ORDINANCES—CONFISCATION—LOSS OF PROFITS.

The application of an existing zoning ordinance to plaintiff's property and the failure to amend it to allow him to construct a restaurant does not amount to a confiscation where plaintiff knew of the zoning before the property was purchased, no evidence shows that there has been a loss in value since the time the property was purchased, and the only loss to the

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 194 *et seq.*
[2] 58 Am Jur, Zoning § 142.
[3] 58 Am Jur, Zoning § 140.

plaintiff would be the loss of potential profits from the opera-
tion of the restaurant.

Appeal from Calhoun, Creighton R. Coleman,
J. Submitted Division 3 March 9, 1972, at Grand
Rapids. (Docket No. 11041.) Decided March 22,
1972.

Complaint by Mr. Don's, Inc., against the City of
Battle Creek seeking a writ of mandamus compelling
the issuance of a building permit. Albert E. Good-
win was allowed to intervene as a defendant. Writ
denied. Plaintiff appeals. Affirmed.

*John M. Jereck,* for plaintiff.

*Ralph W. Harbert, Jr.,* for defendant City of Bat-
tle Creek.

*Allen, Worth, Hatch & Calderone,* for intervening
defendant Goodwin.

Before: T. M. Burns, P. J., and Fitzgerald and
Danhof, JJ.

Fitzgerald, J. Plaintiff corporation owns a tract
of land in the City of Battle Creek that is presently
zoned for multiple dwellings. On three separate oc-
casions, officers of the corporation have sought,
without success, to have the parcel rezoned for use
as a fast food service restaurant.[1] On March 24,
1969, they submitted an application for a building
permit with the city, filing plans for such a restau-
rant. The building permit was denied on the ground

---

[1] In 1965 and 1966 they tried to have the property zoned from
multiple dwelling to neighborhood shopping and in 1969 to office
and shop.

.that such a use was not permitted in an area zoned multiple dwelling.

The plaintiff then started the present action in April 1969, seeking a writ of mandamus compelling the issuance of a building permit.  By leave granted November 25, 1969, the trial court allowed the owner of a neighboring apartment complex to intervene.  A hearing was held in the Circuit Court for the County of Calhoun, and on August 7, 1970, the trial judge filed a finding of facts and denied issuance of the plaintiff's writ.  An additional finding to guide this Court was filed December 22, 1970.

The plaintiff appeals, arguing that the ordinance is unreasonable as applied to the property, and that it has no substantial relationship to the public health, safety, and general welfare.

When reviewing a zoning case, five general rules recur in previous decisions, presenting guidelines:

(1)  Each case is decided upon its own facts;

(2)  A zoning ordinance has a presumption of validity;

(3)  The trial judge's opinion will be given great weight;

(4)  The challenging party has the burden of proving that the ordinance is arbitrary and unreasonably related to public health, safety and general welfare; and

(5)  Review is *de novo,* but the decision of the trial judge will stand unless clearly erroneous.

*Hitchman* v *Township of Oakland,* 329 Mich 331 (1951) ; *Anchor Steel & Conveyor Co* v *City of Dearborn,* 342 Mich 361 (1955) ; *Brae Burn Inc* v *Bloomfield Hills,* 350 Mich 425 (1957) ; *Spanich* v *City of Livonia,* 355 Mich 252 (1959) ; *Roll* v *City of Troy,* 370 Mich 94 (1963) ; *Bowman* v *City of Southfield,* 377 Mich 237 (1966) ; *Pederson* v *Township of Harrison,* 21 Mich App 535 (1970) ; *Dusdal* v *City of*

*Warren,* 23 Mich App 583 (1970); *Shell Oil Co v City of Livonia,* 30 Mich App 454 (1971).

The evidence produced at the hearing showed that the proposed restaurant hours would extend into the late evening hours and that there would be a substantial increase in traffic. It was also shown that a good deal of artificial lighting would be required, and that there would be an increase in litter, noise, and odors from the operation of such a restaurant. These conditions would be a detriment to the existing apartment complex and the surrounding residential areas.

In light of the five recurring guidelines and the evidence produced at the hearing, we conclude that the circuit court judge was correct in denying the plaintiff's writ. Also, plaintiff's complaint that such zoning amounts to confiscation cannot be sustained as it is clear from the record that the only loss to the plaintiff will be a loss of profit that would be realized if the zoning was changed to commercial. The officers of plaintiff corporation testified that they knew of the zoning before the property was purchased, and there is no evidence to indicate a loss of value since the time of purchase. Under these facts, we cannot conclude that there has been a confiscation. *Brae Burn Inc v Bloomfield Hills,* 350 Mich 425 (1957); *Lamb v City of Monroe,* 358 Mich 136 (1959); *Paka Corp v City of Jackson,* 364 Mich 122 (1961).

Affirmed. No costs, a public question.

All concurred.